# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia :
:
v. : No. 1763 C.D. 2014
: Submitted: May 1, 2015
Simeon Robinson, :
Appellant :


BEFORE: HONORABLE DAN PELLEGRINI, President Judge
HONORABLE P. KEVIN BROBSON, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION BY JUDGE BROBSON                    FILED: August 27, 2015


Appellant Simeon Robinson (Robinson), *pro se*, appeals from an order of the Court of Common Pleas of Philadelphia County (trial court). The trial court's order decreed that the City of Philadelphia (City) could sell Robinson's real property located at 618-620 Jefferson Street (Property) free and clear of all liens and encumbrances based upon tax delinquencies, which, together with interest, penalties, and other charges, the trial court deemed to be $9,333.78 at the time it issued the order. The trial court also ordered that proceeds from the sale should be distributed based upon priority of claims against the Property. We affirm the trial court's order.

On or about May 31, 2013, the City filed a petition for a rule to show cause why the Property should not be sold free and clear of all liens and encumbrances (Sale Petition). In the Sale Petition, the City asserted that it had obtained tax liens for delinquent taxes and related costs including penalties, interest, and attorneys' fees, for the years 2003 through 2012 on the Property. The City included in its filing a proposed rule returnable order with blanks for a

signature of the Court of Common Pleas' administrative judge, a date for a hearing on the rule returnable, and a date for the issuance of the order. Below the docket entry for the City's Sale Petition filing is a reference to a "rule upon all interested parties" concerning the Property. At the end of this entry is the notation "EO-DIE Petition filed . . . by the Court: Panepinto, J. 10/11/11." Thereafter, an entry, also made on May 31, 2013, provides "waiting to list rule returnable date." An entry on June 13, 2013, indicates "listed rule returnable date."[1]

Although not included in the certified record, the City (as an exhibit to its brief) and Robinson (as an exhibit to his July 2014 emergency motion to stay a scheduled sheriff's sale) provided a copy of a rule returnable order issued on June 14, 2013, by Administrative Judge John W. Herron, which scheduled a hearing on the Sale Petition for October 8, 2013, and directed the City to serve a copy of the order on Robinson. The certified record contains (1) an affidavit of service of the Sale Petition and rule returnable order upon Robinson by both certified and first class mail at four separate addresses and (2) an affidavit of posting on the Property. (Certified Record (C.R.) nos. 2-3.)

---

[1] A docket entry dated September 24, 2013, captioned as a "corrective entry" provides:

> Docket entry 5/31/13 . . . contained an error on the signature and date as follows: . . . By the court: Panepinto, J. 10/11/11. Note: Petition and Rule commenced on 5/31/13 should have current administrative judge and current date. Problem reported and sent to data processing for correction to electronic filing system 9/24/13.

Thus, the trial court appears to have identified a clerical or technological issue regarding the issuance of administrative orders in general and noted a reported problem with the court's electronic filing system. Thereafter, it appears from the amending June 14, 2014 order that the trial court corrected the problem with regard to the Sale Petition and rule returnable order scheduling a hearing date.

2

On October 10, 2013, Robinson filed an answer and new matter in response to the Sale Petition. (C.R. no. 4.) In his new matter, Robinson raised questions relating to the Sale Petition on two primary grounds: (1) the potential effect of his then-pending claim in the City's Board of Revision of Taxes in which he apparently claimed that the assessment of his property and/or the amount of delinquent taxes was erroneous, and (2) the allegation that the Sale Petition process, which would culminate in a sheriff's sale, was flawed based upon the initial May 31, 2013 order of the trial court which, as suggested above, contained an erroneous order date of October 11, 2011 and was purported to have been signed or issued by Judge Panepinto. The City did not file an answer to Robinson's new matter, and Robinson filed a "motion for an on the record objection to [the City]'s failure to respond to [his] new matter." (C.R. no. 7.)

After a number of continuances, the trial court conducted a hearing on April 8, 2014. During the hearing, the trial court, the City, and Robinson engaged solely in colloquy. Neither party submitted evidence, although the transcript indicates that the City handed the trial court a document purporting to show the City's calculation of the delinquent taxes and other charges arising therefrom. Additionally, the colloquy indicates that Robinson was challenging the amount of the charges based in part upon separate proceedings he initiated before the City's Board of Revision of Taxes. The colloquy indicates that Robinson obtained some relief from the tax delinquency charges, apparently totaling approximately $1,000. The trial court directed Robinson to come to an agreement with the City regarding the amount of delinquent taxes, and the City indicated that it had prepared an agreement apparently for the purpose of an installment payment plan for Robinson

3

to avoid the sheriff's sale, but that Robinson would have to come to the office of the law firm representing the City before April 20, 2013.

Robinson stated to the trial court that he was asking the trial court "to come to some kind of accuracy . . . [t]hat's the problem." (Notes of Testimony (N.T.) at 16.) The trial court stated that it could not do that and that it was "going to be moving this thing, this situation forward, but I'm going to have you and counsel sit down and she'll show you . . . . You'll reconcile the numbers." (*Id*. at 17.) After Robinson mentioned that he was pursuing an appeal with the "OPA," the trial court concluded the hearing by stating that it was "signing this order at this point . . . . You have [counsel's] name and number and you'll schedule a time to work out the numbers." (*Id*. at 18.) As we noted above, the trial court's April 8, 2014 order declared that the City's damages from Robinson's delinquent taxes totaled $9,333.78, plus future accruing interest, penalties, and other charges on all unpaid taxes until the taxes are paid and decreed that the Property should be sold by sheriff's sale without further advertisement to the highest bidder free and clear of all subordinate liens, encumbrances, claims, mortgages, ground rents, charges, and estates.

Robinson filed a notice of appeal from that order and later, without an order from the trial court, filed a statement of errors complained of on appeal. In a later opinion, the trial court identified the following issues: (1) whether the City properly served Robinson with the Sale Petition and rule; (2) whether the City was required to respond to the new matter Robinson included in his answer to the Sale Petition; (3) whether the clerical error contained in the May 31, 2013 rule returnable order effected the validity of the Sale Petition; and (4) whether "month-to-month property tax accounting fluctuations" Robinson identified

4

resulted from billing methods and do not mean that the calculations are erroneous. The trial court found Robinson's claims to be meritless.

In his brief to this Court in support of his appeal,[2] Robinson's claims of error appear to relate to a few topics: (1) the manner of service of the Sale Petition by first class mail and posting; (2) the erroneous content of and use of "boiler plate" language in the initial administrative rule returnable order purportedly signed by Judge Panepinto in 2011; and (3) the absence in the certified record of various rule returnable orders. The City proposes two grounds for perfunctory rejection of Robinson's claims: (1) that Robinson has waived the issues he raises in his brief because they are beyond the scope of the issues he raised in his statement of errors complained of on appeal; and (2) that the Court should quash the appeal based upon the City's assertion that Robinson's statement of questions involved (in his brief) does not comply with Pa. R.A.P. 2116(a). We reject the first objection regarding waiver based on Robinson's statement of errors complained of on appeal. Where a trial court directs a party appellant to file a statement of errors complained of on appeal, under Rule 1925(b)(4)(vii) of the Pennsylvania Rules of Appellate Procedure, "[i]ssues not included in the Statement . . . are waived." Here, the trial court never issued an order directing Robinson to file a Rule 1925(b) statement. His statement, then, appears to be wholly gratuitous. Because Robinson did not file the statement pursuant to a court directive under Rule 1925(b), we will not apply that rule's waiver provision. As to the City's

---

[2] Our review of a trial court's order in a tax sale matter is limited to considering whether the trial court erred as a matter of law, rendered a decision that is supported by evidence, or abused its discretion. *City of Allentown v. Kauth*, 874 A.2d 164, 165 n.4 (Pa. Cmwlth. 2005), *appeal denied*, 912 A.2d 838 (Pa. 2006).

second claim regarding Pa. R.A.P. 2116(a), we will address that contention as we consider the three primary claims Robinson raises in the body of his brief.

We believe that the first issue Robinson discusses in his brief, relating to service of the Sale Petition and rule, is sufficiently encompassed within his statement of questions involved such that Robinson has not waived the issue under Pa. R.A.P. 2116. In this regard, Robinson claims that the City did not strictly comply with the requirements of what is commonly referred to as the Municipal Claims and Tax Liens Act (the Act), Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505, for service of the Sale Petition and rule. Under Section 31.2 of the Act,[3] 53 P.S. § 7283, when the City files a tax or municipal claim in accordance with the Act, it has the power to file a petition in the court where it has filed its tax claim, *i.e.*, the Court of Common Pleas of Philadelphia County, requesting the court to "grant a rule upon [the interested] parties . . . to appear and show cause why [the court]" should not issue a decree "that the [P]roperty be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates."[4]

The Act contains two provisions that describe the requirements for service of petitions to sell property free and clear. First, Section 31.2 of the Act

---

[3] Added by the Act of March 15, 1956, P.L. (1955) 1274, *as amended*.

[4] The Act does not require the City to obtain a formal judgment based upon tax claims it has filed. Section 3(b) of the Act, 53 P.S. § 7106(b), provides generally that "any . . . tax claim or tax lien, including interest, penalty and costs, imposed by a city of the first class, shall be a judgment only against the said property when the lien has been docketed by the prothonotary." "The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien." *Id.* In this matter, Robinson has never claimed that the City did not file tax claim/liens or that the liens have not been docketed.

6

provides the court with the power to order such property to be sold at a sheriff's sale "[i]f upon hearing, the court is satisfied that *service had been made of the rule upon the parties respondent*[, *i.e.*, parties with an ownership interest in the property,] *in the manner provided in this act for the service of writs of scire facias to obtain judgments upon tax and municipal claims.*" (Emphasis added.) Section 18 of the Act, 53 P.S. § 7186, specifically addresses service of writs of scire facias for the purpose of obtaining judgments and requires *personal* service. Section 39.2 of the Act,[5] 53 P.S. § 7193.2, however, specifically addresses the manner of service of a sale petition and rule to show cause, providing, in pertinent part, that the City post a sale petition and rule in the most prominent location on the property and serve the petition and rule upon the registered owner by first class mail.

In *City of Philadelphia v. Manu*, 76 A.3d 601 (Pa. Cmwlth. 2013), the Court identified the conflict of these two provisions. While the Court was not required to address the conflict, it noted that the timing of the adoption of Section 39.2 of the Act *after* Section 18 of the Act indicated that the General Assembly intended for service under Section 39.2 to apply. Moreover, after we decided *Manu*, this Court issued its decision in *City of Philadelphia v. F.A. Investors Corp.*, 95 A.3d 377 (Pa. Cmwlth. 2014), where we applied Section 39.2 of the Act in addressing a claim that the City had failed to serve parties who had an interest in the property at issue in that case. *F.A. Investors*, 95 A.3d at 382.

---

[5] Added by Section 4 of the Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. § 7193.1.

7

We agree with the Court's application of the later-enacted service provision contained in Section 39.2 of the Act. Under that provision, service is accomplished by (1) posting a petition for a rule to show cause (the Sale Petition in this case) and the rule to show cause issued by the court in response to the petition (the "rule returnable order" as captioned by the trial court, scheduling the hearing) and (2) mailing the petition and rule to the owner by first class mail to the address the owner registered under Section 39.1(a) of the Act.[6]

The certified record includes affidavits of service, indicating that the City posted the Sale Petition and June 14, 2014 rule returnable order (scheduling a hearing for October 8, 2014) on the Property. The certified record also indicates that the City served Robinson with those same documents at four separate addresses by first class mail and certified mail, return receipt requested. The hearing on the Sale Petition was continued, and the City served Robinson with a subsequent rule returnable order that scheduled the hearing for April 8, 2014, by first class mail only. As indicated above, Section 39.2 of the Act requires posting and first class mail service of "notice of a rule to show cause why a property should not be sold free and clear . . . issued by a court pursuant to a petition" and the rule issued by the trial court. Here, the City posted and mailed the Sale Petition and the rule initially issued on June 14, 2014. That posting and service by first class mail complied with Section 39.2 of the Act.[7] When the hearing was continued, the City served Robinson by first class mail with the new rule, setting

---

[6] Added by the Act of December 14, 1992, P.L. 859.

[7] Robinson claims that the City was required to have a sheriff post the Sale Petition and rule on the Property. Section 39.2(a) of the Act, however, does not require a sheriff to perform such posting.

8

April 8, 2014 as the hearing date on the Sale Petition. The Act is silent regarding a situation in which an initial hearing date is continued to another date. The City complied with the requirements of the Act when it first filed the Sale Petition. The City posted and served both the petition and the trial court's rule setting a hearing date. The Act did impose upon the City an obligation to re-post and re-serve the Sale Petition following its initial service. Moreover, Robinson appeared at the hearing. Thus, we may presume that he received notice and was not prejudiced by the form of service.[8]

In his brief, Robinson also objects to the May 31, 2013 docket reference to a rule purportedly issued by Judge Panepinto in 2011.[9] The Court of Common Pleas acknowledged its mistake and Judge Heron, who was the administrative judge of the trial court at that time, issued an amended order on June 14, 2013, that the City posted and served upon Robinson by first class mail. Robinson objects, contending that the original erroneous order constitutes a misrepresentation by the City and invalidates the Sale Petition and the process that followed. We disagree because the June 14, 2013 amending order correctly references the Sale Petition and sets forth the initial date for hearing. Thus, the erroneous May 31, 2013 order did not invalidate the Sale Petition and rule process.

---

[8] Robinson also alleges that the City improperly served him with an order dated June 24, 2014, regarding notice of a proposed sheriff's sale of the Property. That order, however, is not at issue in this appeal.

[9] Although Robinson's statement of the questions involved does not specifically refer to this order, we perceive that when he challenged "the alleged improper usage of the boiler plate text code" in his statement of questions involved, he was likely referring to this order. Thus, we believe that Robinson has not waived this issue under Pa. R.A.P. 2116.

Robinson also objects to the trial court's procedure in this matter based upon the fact that the certified record does not include a copy of either the initial June 14, 2013 rule returnable order or the March 26, 2014 rule order that scheduled the April 8, 2014 hearing. Robinson contends that the failure of the trial court to include copies of the rule orders in the certified record constitutes non-compliance with the strict terms of the Act, and, thereby, renders the trial court's order invalid.[10] Robinson claims this failure constitutes a misrepresentation, but he does not provide any authority for the proposition that a properly served rule returnable order that is not included in the certified record or docket entries renders a final disposition following a hearing (during which the objecting party participated without objection) non-compliant with the Act.

The lack of a docket entry and/or copy of the orders has not hampered this Court's review, because the parties have supplied copies of the orders in various documents submitted either to the trial court or this Court. As Robinson himself suggests at pages 26 through 29 of his brief, when a record appears to be incomplete, an appellate court has the power to order the court below to supplement the original record so that the appellate court may engage in proper appellate review. An incomplete original record, however, is not a barrier to appellate review where the appellate court is able to address all of the issues raised. Additionally, this Court could exercise its powers of appellate review and direct the trial court to supplement the certified record. In this case, however, we may

---

[10] Because Robinson included in his statement of questions involved a reference to the requirement that the City was required to comply strictly with the provisions of the Act, we conclude that Robinson did not waive this issue under Pa. R.A.P. 2116.

take judicial notice of the orders attached as exhibits, and we need not ask the trial court to supplement the record. Thus, we conclude that this argument lacks merit.

Finally, Robinson also argues that the trial court abused its discretion during the hearing because it failed to address his claim that the City failed to respond to the new matter he included in his answer to the Sale Petition. We believe that Robinson has failed to preserve this issue because he did not raise it in his statement of questions involved. Accordingly, we need not address it.[11]

By our assessment, we have addressed above the issues that Robinson, a *pro se* appellant, has raised and preserved in this appeal. We would be remiss, however, if we did not express our concern about other aspects of the proceedings before the trial court. We acknowledge that the Act anticipates a narrow factual inquiry when a party challenges a petition to sell property free and clear under the Act. In this case, however, there does not appear to be any record evidence adduced during a hearing that supports the trial court's decision. Indeed, we find it curious, if not troubling, that the City would proceed under the Act to sell real property without attaching to its petition or introducing at hearing evidence of a

---

[11] Although we will not address this issue on the merits because it has been waived, we note that Robinson objected during the hearing to the fact that the City never responded to the new matter he included in his response to the Sale Petition. The trial court opined that while the failure of the City to respond to the new matter was "curious," the City's failure to respond did not invalidate the Sale Petition. The City contends that a Sale Petition is not a "pleading" that anticipates the types of answers typical in civil practice where a defendant may include new matter in an answer to a complaint. Section 35 of the Act, 53 P.S. § 7189, however, provides that "[a]ll petitions, answers, and replications shall be made under oath or affirmation" and that "[a]nswers must be filed and served within fifteen days after service of the petition, and rules and replications must be filed within fifteen days after service of the last of the answers. Replications must be confined to a *reply to new matter set forth in the answers*." (Emphasis added.) Thus, the Act itself counsels the City to reply to new matter.

docketed tax lien(s) on the property in question. The trial court's factual findings, such as they are, appear instead to be based on a City-generated accounting of what the City contended are the amounts of delinquent taxes and related charges owed with respect to the Property. This document, however, was neither offered by the City nor admitted into the record by the trial court as evidence in support of the City's Sale Petition. The trial court also appears to have given some consideration to a post-hearing communication from the City that, too, was never offered or admitted as evidence. None of these issues, however, have been raised by Robinson. Accordingly, they are not grounds upon which we can reverse or remand. In another appeal, however, perhaps one where the property owner is able to afford and secure counsel, a similar record might not hold up on appeal.

Based upon our review of the issues we believe Robinson raised and preserved, we are constrained to conclude that the trial court did not err or abuse its discretion. Accordingly, we will affirm the trial court's order.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                    :
                                        :
        v.                              :    No. 1763 C.D. 2014
                                        :
Simeon Robinson,                        :
                    Appellant           :

# **O R D E R**

AND NOW, this 27th day of August, 2015, the order of the Court of Common Pleas of Philadelphia County is AFFIRMED.

_____
P. KEVIN BROBSON, Judge