City of Philadelphia        :
                             :
             v.                     :
                             :
F.A. Realty Investors Corp.,     :    No. 1580 C.D. 2014
                Appellant    :    Submitted: July 17, 2015

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY                          FILED: December 30, 2015

       F.A. Realty Investors Corp. (F.A. Realty) appeals from the Philadelphia County Common Pleas Court's (trial court) July 31, 2014 order denying its Petition to Strike and/or Open Default Judgment or Vacate Assessment of Damages Order and Decree Ordering that the Property be Sold at Sheriff's Sale (Petition to Strike). There are three issues before this Court: (1) whether F.A. Realty was properly served; (2) whether the Petition to Strike should have been granted based upon the City of Philadelphia's (City) failure to issue and serve F.A. Realty a writ of scire facias; and, (3) whether the trial court's May 7, 2014 order should have been set aside pursuant to the act commonly known as the Municipal Claims and Tax Liens Act[1] (Act). After review, we vacate and remand for further proceedings.

       On January 29, 2014, the City filed a petition to sell the property located at 5800 North 17th Street, Philadelphia, Pennsylvania (Property) free of all liens and encumbrances (Petition) alleging that F.A. Realty failed to pay property taxes for the Property between 1997 and 2012, that liens were entered for all outstanding real

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

estate taxes, and that the City filed its claims for $27,379.73 in unpaid taxes against the Property. A tax information certificate identifying F.A. Realty as the Property's record owner, and listing two mortgage lien holders, was attached to the Petition. The City did not attach to the Petition any documentation of a docketed tax lien. On February 19, 2014, the trial court issued a rule returnable on May 7, 2014. The City's affidavits of service represent that the City served the Petition on F.A. Realty by posting it at the Property on April 2, 2014, and by regular and certified mail on April 11, 2014 to four separate mailing addresses: 7000 Woodbine Avenue, Philadelphia; 5800 North 17th Street, Philadelphia; 1650 Roselyn Street, Apt. 105, Philadelphia; and P.O. Box 3802, Philadelphia. The affidavits of service were docketed with the trial court on May 5, 2014.

On May 2, 2014, F.A. Realty's founder and president Steve Frempong (Frempong) filed a petition to intervene (Petition to Intervene), alleging that he "is a co-signer and obligor of a loan secured by" the Property. Petition to Intervene at ¶ 2. The Petition to Intervene listed Frempong's address as that of the Property.

The City and Frempong attended the May 7, 2014 hearing. The City opposed Frempong's Petition to Intervene and also objected to Frempong's representation of F.A. Realty. The trial court sustained both objections because Frempong did not have a recorded property interest in the Property, and he was not a licensed attorney. No evidence was presented at the hearing. By May 7, 2014 order, the trial court granted the City's Petition, thereby permitting the City to sell the Property.

On June 6, 2014, F.A. Realty filed its Petition to Strike with the trial court, asserting that the May 7, 2014 order should be stricken because the City had not properly served the Petition on F.A. Realty, and F.A. Realty was challenging the underlying tax assessments before the City's Tax Review Board and Board of Revision of Taxes.

2

By July 31, 2014 order (docketed August 1, 2014), the trial court denied the Petition to Strike. On August 8, 2014, F.A. Realty filed a motion for reconsideration which the trial court denied on August 12, 2014. On September 2, 2014, F.A. Realty appealed from the denial of its Petition to Strike to this Court.[2]

F.A. Realty first argues that the trial court's determination that F.A. Realty was properly served is not supported by substantial evidence, and is not in accordance with the requirements of the Act. It specifically contends that the City was required, pursuant to Sections 17 and 18 of the Act,[3] to file a writ of scire facias before filing its Petition and adhere to the service requirements for such writs.

Recently, this Court decided *City of Philadelphia v. Robinson*, 123 A.3d 791 (Pa. Cmwlth. 2015). In *Robinson*, the City sought an order that a delinquent taxpayer's property should be sold. As in the instant case:

> [T]he City filed a petition for a rule to show cause why the [p]roperty should not be sold free and clear of all liens and encumbrances (Sale Petition). In the Sale Petition, the City asserted that it had obtained tax liens for delinquent taxes and related costs including penalties [and] interest . . . on the [p]roperty. The City included in its filing a proposed rule returnable order with blanks for a signature of the [trial court]'s administrative judge, a date for a hearing on the rule returnable, and a date for the issuance of the order.

*Id*. at 792. The *Robinson* Court reviewed the law pertaining to municipal tax sales, explaining:

> Under Section 31.2 of the Act,[FN]3 53 P.S. § 7283, when the City files a tax or municipal claim in accordance with the Act, it has the power to file a petition in the court where it has filed its tax claim, *i.e.*, the [trial court], requesting the court to 'grant a rule upon [the interested] parties . . . to

[2] "Our review of a trial court's order in a tax sale matter is limited to considering whether the trial court erred as a matter of law, rendered a decision that is supported by evidence, or abused its discretion." *City of Phila. v. Robinson*, 123 A.3d 791, 794 n.2 (Pa. Cmwlth. 2015).

[3] 53 P.S. §§ 7185, 7186.

3

appear and show cause why [the court]' should not issue a decree 'that the [p]roperty be sold, freed and cleared of their respective claims, mortgages, ground rents, charges and estates.'[FN]4

The Act contains two provisions that describe the requirements for service of petitions to sell property free and clear. First, Section 31.2 of the Act provides the court with the power to order such property to be sold at a sheriff's sale '[i]f upon hearing, the court is satisfied that *service had been made of the rule* upon the parties respondent[, *i.e.*, parties with an ownership interest in the property,] *in the manner provided in this* [*A*]*ct for the service of writs of scire facias* to obtain judgments upon tax and municipal claims.' (Emphasis added.) Section 18 of the Act, 53 P.S. § 7186, specifically addresses service of writs of scire facias for the purpose of obtaining judgments and requires *personal* service. Section 39.2 of the Act,[FN]5 53 P.S. § 7193.2, however, specifically addresses the manner of service of a sale petition and rule to show cause, providing, in pertinent part, that the City post a sale petition and rule in the most prominent location on the property and serve the petition and rule upon the registered owner by first class mail.

In *City of Philadelphia v. Manu*, 76 A.3d 601 (Pa.Cmwlth.2013), the Court identified the conflict of these two provisions. While the Court was not required to address the conflict, it noted that the timing of the adoption of Section 39.2 of the Act *after* Section 18 of the Act indicated that the General Assembly intended for service under Section 39.2 to apply. Moreover, after we decided *Manu*, this Court issued its decision in *City of Philadelphia v. F.A. Investors Corp.*, 95 A.3d 377 (Pa.Cmwlth.2014), where we applied Section 39.2 of the Act in addressing a claim that the City had failed to serve parties who had an interest in the property at issue in that case. *F.A. Investors*, 95 A.3d at 382.

We agree with the Court's application of the later-enacted service provision contained in Section 39.2 of the Act. Under that provision, service is accomplished by (1) posting a petition for a rule to show cause (the Sale Petition in this case) and the rule to show cause issued by the court in response to the petition (the 'rule returnable order' as

4

captioned by the trial court, scheduling the hearing) and (2) mailing the petition and rule to the owner by first class mail to the address the owner registered under Section 39.1(a) of the Act.[FN]6

> [FN]3 Added by the Act of March 15, 1956, P.L. (1955) 1274, *as amended*.
>
> [FN]4 The Act does not require the City to obtain a formal judgment based upon tax claims it has filed. Section 3(b) of the Act, 53 P.S. § 7106(b), provides generally that 'any . . . tax claim or tax lien, including interest, penalty and costs, imposed by a city of the first class, shall be a judgment only against the said property when the lien has been docketed by the prothonotary.' 'The docketing of the lien shall be given the effect of a judgment against the said property only with respect to which the claim is filed as a lien.' *Id*. . . .
>
> [FN]5 Added by Section 4 of the Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. § 7193.1.
>
> [FN]6 Added by the Act of December 14, 1992, P.L. 859.

*Id*. at 795-96.[4]

Thus, based on this Court's holdings in *Robinson* and *Manu*, we reject F.A. Realty's contention that the City was required to file and serve a writ of scire

---

[4] The United States Bankruptcy Court in *In re Blaylock*, 394 B.R. 359 (Bankr. E.D. Pa. 2008) acknowledged the seemingly contradictory provisions, stating:

> [T]he Legislature appears to have indirectly amended [Section] 7283 [of the Act] insofar as that provision, on its face, incorporates the service requirements for writs of scire facias found in [Section] 7186 [of the Act]. Section [39.2 of the Act, 53 P.S. §] 7193.2 . . . , enacted in 1992, provides specifically for the manner of service of a rule to show cause under [Section] 7283 [of the Act].

*Id*. at 370 (footnote omitted). *See also First Union Nat'l Bank v. F.A. Realty Investors Corp.*, 812 A.2d 719 (Pa. Super. 2002).

facias in accordance with Section 18 of the Act, and hold that the City was required to comply with Section 39.2 of the Act.

F.A. Realty further argues that "[b]efore granting a petition for sale, the [trial] court must make 'an independent inquiry' regarding the [C]ity's strict compliance with the service requirement [and] . . . the [t]rial [c]ourt failed to [do so]." F.A. Realty's Br. at 15 (quoting *In re Blaylock*, 394 B.R. 359, 371 (Bankr. E.D. Pa. 2008)). Section 39.2(a) requires the City to "file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises." 53 P.S. § 7193.2(a). The trial court's certified record includes the City's Petition, attached to which is an affidavit of service representing that the Petition was posted at the property on April 2, 2014, and an affidavit of service certifying that the Petition and Rule Returnable was served on F.A. Realty and other interested parties by regular and certified mail on April 11, 2014. Thus, the trial court's certified record shows that the City satisfied the Act's service requirements. Notably, Section 39.2(b) of the Act provides in pertinent part: "Notwithstanding any other requirement set forth in this [A]ct or any other law to the contrary, the notice required by subsection (a) of this section shall constitute the only notice required before a court may enter a decree ordering a tax sale." 53 P.S. § 7193.2(b). The documents in the certified record evidence that the City complied with "the only notice required before a court may enter a decree ordering a tax sale." 53 P.S. § 7193.2(b). Further, since Frempong appeared at the hearing, "we may presume that [F.A. Realty] received notice and was not prejudiced by the form of service." *Robinson*, 123 A.3d at 796. Thus, we agree with the trial court that that F.A. Realty was properly served in accordance with the Act.

F.A. Realty further maintains that a hearing was required to confirm that the averments set forth in the Petition were accurate.

6

This Court explained in *Manu*:

> The purpose of sheriff's sales under the [Act] . . . is not to strip the owner of his or her property but to collect municipal claims. Strict compliance with the service requirement protects the procedural due process rights of all interested parties to notice and an opportunity to be heard and also guards against deprivation of property without substantive due process of law. The collection of claims may not be implemented without due process of law guaranteed by the United States and Pennsylvania Constitutions. Similarly, **the requirement that the court hold a hearing to determine the accuracy of the facts in the City's petition is an important due process safeguard.**

*Id.* at 606 (citations omitted; emphasis added).

In the instant matter, the trial court acknowledged in its opinion that Section 31.2(a) of the Act[5] requires that

> a hearing . . . be held in the Court of Common Pleas, at which the presiding judge must determine whether the tax petition has been properly served, by the claimant, upon all parties known to have an interest in the affected property, **as well as whether the factual averments contained in the petition itself are true. The burden is placed upon the claimant to show that they** [sic] **have satisfied the [Act's] requirements.**

Trial Ct. Op. at 5 (citation and footnote omitted; emphasis added); *see also Manu*, 76 A.3d at 605. Here, although a hearing was held on May 7, 2014, the **entire** proceeding consisted of the following exchange:

> COURT CRIER: State your name.
>
> THE WITNESS: Steve, Frempong; S-T-E-V-E, F-R-E-M-P-O-N-G.
>
> - - -
>
> [City's Attorney]: Initially, I would just say that Mr. Frempong [(THE WITNESS)] he is not an attorney. This

---

[5] 53 P.S. § 7283.

7

case and this property is in the name of [F.A. Realty]. He does not have standing to represent.

THE COURT: Are you an attorney?

THE WITNESS: No Your Honor.

THE COURT: I will sustain that objection and sign the order, sir. You do not have any legal right to represent. This is in the name of the corporation.

THE WITNESS: Your Honor, I have a petition to intervene. I have already filed.

THE COURT: I'm signing this petition in the meantime. You're not a proper party to handle this case.

THE WITNESS: Your Honor –

THE COURT: This petition to intervene[,] it will get resolved right now. You're not a party to handle this.

(Hearing concluded.)

May 7, 2014 Hearing Transcript.

It is clear from the transcript that the trial court did not perform its required function of verifying the facts alleged in the Petition necessary to permit the court to order the tax sale. Similar to the hearing in *Manu*, "no evidence was presented to establish the truth of the facts in the City's petition." *Id.* at 605. Even though the trial court correctly found that Frempong could not appear on behalf of F.A. Realty,[6] the trial court opinion did not discuss what record evidence, if any, it relied on to conclude that the Petition's **factual** averments were true.

---

[6] This Court is also concerned that the trial court refused to permit Frempong an opportunity at the hearing to provide support for his Petition to Intervene. Because Frempong is not an attorney, he was appropriately precluded from representing F.A. Realty. *See In re Tax Claim Bureau of Westmoreland Cnty.*, 84 A.3d 337 (Pa. Cmwlth. 2013). However, the trial court improperly prevented Frempong from representing himself as an individual seeking to intervene in the matter. Notwithstanding, because Frempong's Petition to Intervene is not before this Court, we do not address it.

8

Here, as in *Robinson*,

> there does not appear to be any record evidence adduced during a hearing that supports the trial court's decision. Indeed, we find it curious, if not troubling, that the City would proceed under the Act to sell real property without attaching to its petition or introducing at hearing evidence of a docketed tax lien(s) on the property in question. The trial court's factual findings, such as they are, appear instead to be based on a City-generated accounting of what the City contended are the amounts of delinquent taxes and related charges owed with respect to the [p]roperty. This document, however, was neither offered by the City nor admitted into the record by the trial court as evidence in support of the City's Sale Petition.

*Id*. at 798.[7]

For all of the above reasons, we vacate the trial court's July 31, 2014 order denying F.A. Realty's Petition to Strike, vacate the trial court's May 7, 2014 order granting the City's Petition, and remand this matter to the trial court for further proceedings to determine the truth of the facts alleged in the Petition necessary to permit the court to order the tax sale.

_____
ANNE E. COVEY, Judge

---

[7] Although the *Robinson* Court affirmed the trial court's decision, it did so because the pro se appellant had not raised the relevant issues. Notably, in *Robinson*, this Court stated, "[i]n another appeal, however, perhaps one where the property owner is able to afford and secure counsel, a similar record might not hold up on appeal." *Id.* at 798. **This** is that appeal.

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia          :
                                 :
            v.            :
                                 :
F.A. Realty Investors Corp.,     :     No. 1580 C.D. 2014
                    Appellant   :

O R D E R

AND NOW, this 30th day of December, 2015, the Philadelphia County Common Pleas Court's (trial court) July 31, 2014 and May 7, 2014 orders are vacated and the matter is remanded for further proceedings to determine the truth of the facts alleged in the City of Philadelphia's petition to sell the property located at 5800 North 17th Street, Philadelphia, Pennsylvania, necessary to permit the trial court to order the tax sale.

Jurisdiction is relinquished.

                                          _____
                                          ANNE E. COVEY, Judge