IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Sale of Real Estate by Dauphin : 
County Tax Claim Bureau : 
                             : 
Judicial Tax Sale No. 154 : No. 956 C.D. 2018
                             : ARGUED: April 11, 2019
PIN 10-021-018 : 
                             : 
Appeal of: Trang L. Vo : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                  HONORABLE P. KEVIN BROBSON, Judge
                  HONORABLE ELLEN CEISLER, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED: May 15, 2019

       Trang L. Vo (Taxpayer) appeals from the June 11, 2018 order of the Court of Common Pleas of Dauphin County (Trial Court) which denied Taxpayer's petition to set aside a judicial tax sale. Taxpayer argues on appeal that the record fails to demonstrate the Dauphin County Tax Claim Bureau (Bureau) properly served Taxpayer with a Petition for a Rule to Show Cause (Rule) why his property should not be sold at a judicial tax sale pursuant to the Real Estate Tax Sale Law (Tax Sale Law).[1] We affirm.

## Background

       Taxpayer is the owner of real property located at 2628 North 6th Street, Harrisburg, Dauphin County, Pennsylvania (the Property). Original Record (O.R.),

---

[1] Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101-5860.803.

Item No. 6, at 49. On January 20, 2017, the Bureau filed with the Trial Court a Petition for a Rule to Show Cause why more than 200 properties, including Taxpayer's, should not be sold at judicial tax sale for unpaid tax claims. *Id.* at 1. The Bureau's petition complied with the requirements of Section 610 of the Tax Sale Law.[2] *Id.* On January 24, 2017, the Trial Court granted the Rule and scheduled a hearing for May 1, 2017. O.R., Item No. 7 at 15. The Rule, which included the May 1, 2017 hearing date, was personally served on Taxpayer's girlfriend by the Dauphin County Sheriff on February 16, 2017 at 923 South 15th Street, Harrisburg, Pennsylvania, which was the Taxpayer's address of record with the Bureau. *Id.*, Item No. 15, Ex. B.

Taxpayer did not appear at the May 1, 2017 hearing. Following a brief hearing, the Trial Court issued an order indicating it was satisfied that service of the Rule was duly made on all interested parties and the facts in the Bureau's petition were true and correct and ordered the sale of the properties set forth in the petition.[3] *Id.*, Item No. 8.

---

[2] 72 P.S. § 5860.610. Section 610 requires a tax claim bureau to set forth on the petition 1) the tax claim upon which the property was exposed for sale; 2) that neither the owner, his heirs or legal representatives or any lien creditor, his heirs, assigns or legal representatives or other person interested has caused stay of sale, discharge of tax claim, or removal from sale; 3) that the property was exposed to public sale and the date of the sale; 4) that before exposing the property to public sale, the tax claim bureau fixed an upset price and the amount of that upset price; and 5) that the tax claim bureau was unable to obtain a bid equal to the upset price.

[3] One taxpayer named in the petition appeared at the May 1, 2017 hearing. The Trial Court made inquiry as to why the property owner failed to pay his taxes. Hearing Transcript, 5/1/17, at 4. The Bureau agreed to establish a plan for payment of delinquent taxes and the property at issue was removed from the list for judicial sale. *Id.* at 6-8. A number of other properties were removed from the list for reasons not specified in the Trial Court's order.

Approximately seven months later, on December 8, 2017, Taxpayer filed a petition to set aside the judicial tax sale.[4] Taxpayer asserts that the Bureau failed to serve the Rule in accordance with Section 611 of the Tax Sale Law,[5] which provides that service is to be made in the same manner as writs of *scire facias,* which requires personal service by the sheriff.[6]  O.R., Item No. 9.  In his brief in support of the petition, Taxpayer asserts that the Bureau should have documented service of the Rule by filing the return of service with the prothonotary as required by Rule 405(e) of the Rules of Civil Procedure.[7]  *Id.*, Item No. 14, at 5.  Taxpayer argues that without such documentation, the record fails to establish that service was completed.  *Id.* at 10.  Taxpayer requested the Trial Court set aside and vacate the judicial sale.  *Id.* at 11.

On June 11, 2018, the Trial Court denied Taxpayer's petition.  O.R., Item No. 16.  As evidenced by the Sheriff's return attached to the brief of Hbg. Rents, LLC (Owner), then-owner of the Property, the Trial Court was satisfied that Taxpayer was properly served with the Rule on February 16, 2017.  *Id.*  The Trial Court's order noted that the Tax Sale Law does not mandate filing of the return of service with the prothonotary nor does the Tax Sale Law require that proof of service be made part of the record at the hearing on the Rule.  *Id.*  The Tax Sale Law only mandates that

---

[4] The original record does not contain documents related to the sale of the Property. However, in a brief filed in opposition to Taxpayer's petition to set aside the sale, Hbg. Rents, LLC (Owner) asserts it acquired the property from Curtis Shokes, who purchased it at a judicial sale on June 12, 2017.  O.R., Item No. 15, at 2.

[5] 72 P.S. § 5860.611

[6] *See In re Sale of Real Estate by Lackawanna Cty. Tax Claim Bureau*, 22 A.3d 308, 313 (Pa. Cmwlth. 2011).

[7] Pa.R.C.P. No. 405(e).

the Trial Court be satisfied that service was made upon the parties named in the Rule and as provided for in the Tax Sale Law. *Id.* As Taxpayer had notice of the hearing on the Rule, he was not entitled to a set aside of the judicial tax sale. *Id.*

This appeal followed.[8]

## Issue

On appeal, Taxpayer argues that the Rule was not properly served because the return of service was not filed with the prothonotary and, consequently, the Trial Court erred in allowing the judicial tax sale to move forward.

## Discussion

The forfeiture of property for failure to pay taxes is a "momentous event" under the United States and Pennsylvania Constitutions. *In re Tax Claim Bureau of Lehigh Cty.*, 107 A.3d 853, 857 (Pa. Cmwlth. 2015) (quoting *Tracy v. Cty. of Chester Tax Claim Bureau*, 489 A.2d 1334, 1339 (Pa. 1985)). The law governing judicial tax sales is unambiguous and thus subject to strict interpretation. *Mfrs. and Traders Trust Co. v. Luzerne Cty. Tax Claim Bureau*, 56 A.3d 36, 39 (Pa. Cmwlth. 2012). The notice requirements for judicial tax sales must be strictly complied with. *Shipley v. Tax Claim Bureau of Del. Cty.*, 74 A.3d 1101, 1108 (Pa. Cmwlth. 2012). Section 611 of the Tax Sale Law requires service in the same manner as writs of *scire facias*, which require personal service by the sheriff. *Lackawanna Cty.*, 22 A.3d at 313.

Taxpayer has not suggested, nor in any way argued, that the Rule was not personally served by the Sheriff at the appropriate address. Taxpayer's counsel conceded at oral argument before this Court that Taxpayer had actual notice of the

---

[8] Our scope of review in tax sale cases is limited to a determination of whether the trial court abused its discretion, rendered a decision which lacked supporting evidence, or clearly erred as a matter of law. *In re Free and Clear Sale Conducted November 19, 1998 Sale No. 10, Deed No. 23198*, 801 A.2d 1280, 1282 (Pa. Cmwlth. 2002).

4

hearing. Despite being properly served by the Sheriff, Taxpayer argues that service in this matter should be deemed insufficient for two reasons. First, Taxpayer argues that Rule of Civil Procedure 405(e) governed service in this matter and that therefore the Bureau was required to file its return of service with the prothonotary.[9] In the absence of such a filing, Taxpayer contends that service of the Rule was never completed. Second, Taxpayer argues that since the Sheriff's return of service was not introduced at the May 1, 2017 hearing, the Trial Court could not have been satisfied that service of the Rule was completed as required by Section 612(a) of the Tax Sale Law, which provides that "[i]f upon hearing, the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by [the Tax Sale Law], and that the facts stated in the petition are true," the court shall order the property sold to the highest bidder. 72 P.S. § 5860.612(a).

The Bureau and Owner (collectively, Appellees) respond that the Tax Sale Law does not reference Rule 405(e) or otherwise require that the Sheriff's return be filed with the prothonotary or made part of the hearing on the rule to show cause. The Tax Sale Law only requires that the court hold a hearing once the rule is served. Pursuant to Section 612(a) of the Tax Sale Law, if the court is satisfied that service of the rule has been made as provided for in the Tax Sale Law, and the facts stated in the petition are true, the court shall order the property sold at judicial tax sale. Appellees contend that Taxpayer has not shown that it is the general practice, custom, or norm in Dauphin County, or elsewhere in the Commonwealth of Pennsylvania, to make the Sheriff's return of service in these matters a part of the record. The court only has to be "satisfied" that service was made. The statute does

---

[9] Rule 405(e) provides that the return of service *shall* be filed with the prothonotary. Pa.R.C.P. No. 405(e).

not require that the return of service be made part of the record and Taxpayer has not cited any case law which supports his argument that such a requirement exists.

First, we address Taxpayer's argument that service was not completed where the Sheriff's return of service was not filed with the prothonotary pursuant to Rule 405(e) of the Rules of Civil Procedure. In support of this argument, Taxpayer cites this Court's decision in *Philadelphia v. F.A. Realty Investors Corp.*, 129 A.3d 1279 (Pa. Cmwlth. 2015), in which this Court vacated the trial court's denial of a taxpayer's petition to vacate the sale of its property pursuant to what is commonly referred to as the Municipal Claims and Tax Liens Act (Municipal Liens Act).[10]

In *F.A. Realty Investors Corp.*, the City of Philadelphia (City) filed a petition under the Municipal Liens Act to sell property owned by F.A. Realty for failure to pay property taxes. 129 A.3d at 1280. Following a hearing, at which no evidence was presented, the trial court granted the City's petition. *Id.* On appeal to this Court, F.A. Realty argued that the City failed to demonstrate service was made in accordance with Section 18 of the Municipal Liens Act,[11] which mandates service of a writ of *scire facias* "as in the case of a summons." *Id.* at 1281. This Court disagreed, as service was governed not by Section 18, but rather Section 39.2 of the Municipal Liens Act,[12] and the record evidenced the City's compliance with that provision. *Id.* at 1283. While the Court found service was proper, it vacated the trial court's order directing sale of the property because the trial court failed to verify the

---

[10] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101 – 7505. The Municipal Liens Act establishes procedures for the disposition of property subject to municipal claims for unpaid taxes, services, or improvements.

[11] 53 P.S. § 7186.

[12] 53 P.S. § 7193.2, added by the Act of December 14, 1992, P.L. 859.

6

facts alleged in the City's petition, a requirement of the Municipal Liens Act. *Id.* at 1284.

Taxpayer's reliance on *F.A. Realty* is misguided. It appears Taxpayer has seized on the use of writs of *scire facias* under the Municipal Liens Act and asked this Court to conclude that all writs of *scire facias*, regardless of the nature of the underlying action and the language of the governing statute, are to be served "as in the case of a summons."[13] 53 P.S. § 7186. This argument is without merit. The service provisions in the Municipal Liens Act do not govern service requirements under the Tax Sale Law, nor are the respective service provisions in the two statutes identical. Section 18(a) of the Municipal Liens Act relevantly provides that a writ of *scire facias* is to be served "as in the case of a summons, [to] those named in the writ, or added thereto, as may be found in the county in which the writ issued." 53 P.S. § 7186(a).

Section 611 of the Tax Sale Law in its entirety provides as follows:

> *Service of the rule shall be made in the same manner as writs of scire facias are served in this Commonwealth.* When service cannot be made in the county where the rule was granted, the sheriff of the county shall deputize the sheriff of any other county in this Commonwealth, where service can be made. If service of the rule cannot be made in this Commonwealth, then the rule shall be served on the person named in the rule by the sheriff, by sending him, by registered mail, return receipt requested, postage prepaid, at least fifteen (15) days before the return day of the rule, a true and attested copy thereof, addressed to such person's last known post office address. *The sheriff shall attach to his return, the return receipts, and if the person named in the rule has refused to accept the registered mail or cannot be found at his last known address, shall attach*

---

[13] Application of the Rules of Civil Procedure to service of a writ of *scire facias* was not an issue before the Court in *F.A. Realty*.

7

> *evidence thereof. This shall constitute sufficient service under this act.*

72 P.S. § 5860.611 (emphasis added).

The language regarding service "as in the case of a summons" is notably absent from the Tax Sale Law. Rather, service is simply in the manner of writs of *scire facias*, which requires personal service. The plain language of Section 611 requires nothing more and clearly does not mandate filing of the Sheriff's return with the prothonotary, nor does it dictate that service is to be governed by the Rules of Civil Procedure. Indeed, a trial court is not required to follow the Rules of Civil Procedure in tax sale proceedings. *In re 2005 Sales of Real Estate by Clinton Cty. Tax Claim Bureau*, 915 A.2d 719, 723 (Pa. Cmwlth. 2007). Furthermore, Taxpayer has provided no legal authority, such as a local rule of court, which suggests tax sale proceedings in Dauphin County are governed by the Rules of Civil Procedure.

In sum, service under Section 611 of the Tax Sale Law requires personal service by the Sheriff. It has not been disputed in this matter that Taxpayer was properly served as dictated by Section 611. Consequently, in the absence of statutory or procedural requirements beyond those set forth in Section 611 of the Tax Sale Law, Taxpayer's argument that personal service of the Rule by the Sheriff was insufficient must fail.

Next, we address Taxpayer's argument that, where the return of service was not docketed or submitted into evidence at the May 1, 2017 hearing, and no testimony was taken, the Trial Court's determination that service was made as required by Section 612(a) of the Tax Sale Law[14] lacked a factual basis.

---

[14] 72 P.S. § 5860.612(a).

8

Appellees respond that the Tax Sale Law does not establish or mandate what the court must rely on to be "satisfied," and such a determination is left to the court's discretion. Appellees Br. at 5.

Section 612(a) of the Tax Sale Law provides in pertinent part that "if upon hearing, *the court is satisfied that service of the rule has been made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true*, it shall order and decree that said property be sold at a subsequent day to be fixed by the court." 72 P.S. § 5860.612(a) (emphasis added).

The transcript of the Trial Court's hearing consists of seven pages. Six of those pages detail the negotiation of a payment plan between another taxpayer and the Bureau. Hearing Transcript, 5/1/17, at 3-8. The Trial Court did not inquire as to whether service had been made, or if the facts in the petition were true, as it related to the Taxpayer, or the numerous other properties listed on the petition. The Trial Court asked if the Bureau had a proposed date for the sale and if an order had been prepared for the court's signature. *Id.* at 2. Appellees have not disputed the fact that the return of service was not submitted into evidence at the May 1, 2017 hearing. It was not until April 27, 2018, when Owner filed its brief in opposition to Taxpayer's petition, that the Sheriff's return of service was made part of the record. O.R., Item No. 15, Ex. B. Therefore, based on the record, it does not appear that the Trial Court was in a position to conclude that service was made as required under the Tax Sale Law or that the facts in the petition were true.

It cannot be denied the Trial Court neglected to comply with Section 612(a) of the Tax Sale Law, which required that the Trial Court determine at the hearing "that service of the rule [was] made upon the parties named in the rule, in the manner provided by this act, and that the facts stated in the petition are true." 72 P.S. §

9

5860.612(a). However, this Court has waived strict compliance with the Tax Sale Law where it is demonstrated that a taxpayer had actual notice of a tax delinquency and impending sale of a property. *In re Tax Sale of Real Property Situate in Paint Twp, Somerset Cty.*, 865 A.2d 1009, 1017 (Pa. Cmwlth. 2005). In the instant matter there is no dispute that Taxpayer was properly and personally served the Rule by the Sheriff on February 16, 2017, approximately 10 weeks prior to the May 1, 2017 hearing. As such, Taxpayer had actual notice of the tax delinquency and the May 1, 2017 hearing at which the Trial Court would determine whether the judicial sale should go forward. Accordingly, we conclude the Trial Court's failure to comply with the strict requirements of Section 611(a) of the Tax Sale Law was harmless error. The Trial Court's June 11, 2018 order denying Taxpayer's petition to set aside the judicial sale of the Property is affirmed.

_____
ELLEN CEISLER, Judge

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Sale of Real Estate by Dauphin :
County Tax Claim Bureau :
:
Judicial Tax Sale No. 154 : No. 956 C.D. 2018
:
PIN 10-021-018 :
:
Appeal of: Trang L. Vo :

# **O R D E R**

AND NOW, this 15th day of May, 2019, the June 11, 2018 order of the Court of Common Pleas of Dauphin County is hereby AFFIRMED.

ELLEN CEISLER, Judge