# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                   :
                                       :
                v.                     :    No. 1042 C.D. 2018
                                       :    SUBMITTED:  June 3, 2019
H & S Auto Outlet Inc.,                :
                Appellant              :


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  June 25, 2019**


H & S Auto Outlet Inc. (H&S) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) denying the "Amended Motion to Set Aside the Sheriff's Sale" (Amended Motion) filed by H&S in response to the actions of the City of Philadelphia (City) to sell the property located at 1654-58 North 57th Street, Philadelphia, PA (Property) based on delinquent real estate taxes. We affirm.

This matter commenced with the City's August 22, 2015, "Amended Petition for Rule to Show Cause Why Property Should Not Be Sold Free of All Liens and Encumbrances" (Amended Petition for Sale) filed pursuant to Section 39.2 of what is commonly known as the Municipal Claims and Tax Liens Act (Tax Liens Act).[1]  (Amended Petition for Sale at 1-14; Reproduced Record "R.R." at 45a-58a.)

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, added by Section 4 of the Act of December 14, 1992, P.L. 859, 53 P.S. § 7193.2.

In March 2016, the trial court entered a Rule Returnable (Rule) scheduling a hearing for July 2016 and ordering the City to serve H&S with the Amended Petition for Sale and Rule in accordance with Section 39.2 of the Tax Liens Act. On May 25, 2016, the City posted a copy of the aforesaid documents on the front door of the Property. (Trial Court's Op. at 1.) On June 1, 2016, the City mailed copies of those documents to all interested parties that registered a notice of interest pursuant to Section 39.1 of the Tax Liens Act[2] and all interested parties identified by a title search. (*Id*.) On June 2, 2016, the City filed an amended May 25, 2016, affidavit correcting the time discrepancy of 7:30 *p.m.* and stating that it had posted the property on 7:30 *a.m.* (*Id*. at 1-2.)

In July 2016, the trial court held a hearing at which H&S failed to appear. Subsequently, the trial court granted the Amended Petition for Sale and entered a July 2016 decree ordering that the Property proceed to Sheriff's sale. Thereafter, the matter was stayed for a time due to H&S's November 2016 bankruptcy petition. (*Id*. at 2.) Following the termination of the bankruptcy case, the City continued with its efforts. Ultimately, the Sheriff sold the Property to third-party purchaser JBA Group, LLC (Purchaser) for $80,000 in August 2017.

In September 2017, a non-attorney on behalf of H&S filed a motion to set aside the sale. The trial court dismissed the motion without prejudice for an attorney licensed in Pennsylvania to refile it. In October 2017, the Sheriff acknowledged and recorded the deed. (*Id*.) Subsequently, counsel for H&S filed several motions to set aside the sale, the second of which fell within the three-month statutory time limit for contesting the validity of any sale. Section 39.3 of the Tax

---

[2] Section 39.1 was added by Section 4 of the Act of December 14, 1992, P.L. 859, *as amended*, 53 P.S. § 7193.1.

2

Liens Act,[3] 53 P.S. § 7193.3.  H&S filed the Amended Motion at issue in January 2018.  (Trial Court's Op. at 1 n.1.)

On March 8, 2018, the City filed an amended May 25, 2016 affidavit as well as an amended July 31, 2017 affidavit.  The first affidavit amended how the Amended Petition for Sale and Rule were served and the language to which the process server swore.  The second affidavit simply inserted the following language: "and the attached notices listing the time, date and place of the Sheriff's Sale."  (*Id.* at 3.)

Subsequently, the trial court held a hearing on H&S's Amended Motion at which counsel for the City, H&S, and Purchaser appeared.  At the outset, the trial court observed that the City had filed amended affidavits of service purporting to correct any deficiencies.  Counsel for H&S maintained that the City lacked authority for those amendments.  (March 22, 2018 Hearing, Notes of Testimony "N.T." at 5; R.R. at 5a.)  Thereafter, the City presented the testimony of the process server and two affidavits.  The initial affidavit, Exhibit P-1, reflects that the server posted the Property on May 25, 2016, at 7:30 *p.m.* and the amended affidavit, Exhibit P-2, reflects the same date but a time of 7:30 *a.m.*  (Exhibits P-1 and P-2; R.R. at 62a and 63a.)  The City filed P-1 on May 25, 2016, and the amended P-2 on June 2, 2016.  (Trial Court's Op. at 7-8.)  Counsel for H&S cross-examined the server, but did not offer anything in addition to H&S's written brief.  The trial court credited the testimony of the server and denied the Amended Motion.  (N.T. at 35-36; R.R. at 35a-36a.)  H&S's appeal followed.[4]

---

[3] Section 39.3 was added by Section 4 of the Act of December 14, 1992, P.L. 859, *as amended*.

[4] On appeal, Purchaser joins in the City's brief.

On appeal,[5] H&S has raised five issues, numbered A through E. Mindful that certain segments of the proffered issues constitute argument, we consider the following issues: (1) whether the trial court erred in determining that the City properly served H&S; (2) whether the trial court erred in permitting the City to amend its affidavits of service; (3) whether those amendments remedied any alleged defects in the originals; and (4) whether the trial court erred in not considering whether there was a valid affidavit at the time of sale.[6]

Pursuant to 53 P.S. § 7193.2, the City was required to accomplish service by (1) posting the Amended Petition for Sale and Rule on the Property and (2) mailing those documents by first-class mail to the owner and any other parties who registered a notice of interest pursuant to 53 P.S. § 7193.1. *City of Phila. v. Robinson*, 123 A.3d 791, 796 (Pa. Cmwlth. 2015). Service shall be deemed accomplished on the date of mailing. 53 P.S. § 7193.2(3). Further, the City "shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises." *Id*.

---

[5] Based on the issues raised, the scope of our review is limited to whether the trial court committed an error of law, an inquiry over which we exercise plenary review.

[6] In addition, H&S raises two issues that have no merit: The first issue is whether the trial court erred in accepting and considering the City's arguments concerning unduly prejudicial matters. According to H&S, these matters included telephone conversations between the parties and check payments made on H&S's tax lien account that were allegedly dishonored. (Trial Court's Op. at 2 n.2.) However, the trial court stated that the alleged extrinsic evidence was irrelevant and did not factor into its reasoning. Instead, the trial court stated that it denied the Amended Motion due to H&S's failure to establish improper service or defective notice. (*Id*. at 13.) There is no indication to the contrary.

The second issue that lacks merit is whether the trial court erred in not affording H&S the opportunity to offer testimony in support of the Amended Motion before rendering a denial. At the hearing where the sole purpose was to adjudicate H&S's Amended Motion, the trial court asked counsel for H&S whether there was anything else that he wanted to add and he did not indicate that he had any witnesses or evidence to offer. (N.T. at 32; R.R. at 32a.) Accordingly, this issue also lacks merit.

In the present case, the City "filed an Amended May 25, 2016 Affidavit [on June 2, 2016,] correcting the time discrepancy and stating that [the City] posted a copy of the Amended [Petition for Sale] and the Rule on the Property's front door at 7:31 a.m." (Trial Court's Op. at 10.) The trial court concluded that the City's service was timely because service was accomplished "prior to July 25, 2016, or the date [the City] sought and the trial court entered the Decree." (*Id*.)

In relevant part, Section 34 of the Tax Liens Act provides:

> Any claim, petition, answer, replication, scire facias, affidavit of defense, or other paper filed of record, may be amended, from time to time, by agreement of the parties, or by leave of the court upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which amendment is desired. *Such amendments shall be of right, saving intervening rights, except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim*, but the description of the property may be amended so as to be made more accurate, as in other cases of amendment.

53 P.S. § 7188 (emphasis added).

In addition, the trial court determined that the City's March 2018 amendments were proper in that they "finally put the May 25, 2016 Affidavit in full compliance with [Pa. R.C.P. No.] 76 by changing the options describing how the Amended Tax Petition and Rule were served as well as process server's verification."[7] (Trial Court's Op. at 11.) As the City summarized, one amendment was offered to include language that the affidavit was subject to penalties for

---

[7] (March 8, 2018, Affidavit of Service of Decree and Affidavit of Posting; R.R. at 328a-41a.)

unsworn falsifications and the other to make it clear that the attached documents were actually mailed.  As noted, the amendments "simply inserted the following language into the July 31, 2017 Affidavit:  'and the attached notices listing the time, date and place of the Sheriff's Sale.'"  (*Id*. at 12.)

By way of analysis and notwithstanding the somewhat convoluted procedural history of this matter, neither of the amendments effectuated any substantive change such as a prohibited change in the property at issue.  In addition: "Generally, if a party files a timely affidavit of service the party may amend the affidavit of service as necessary to adhere to statutory requirements."  *Castle Pre-Cast Superior Walls of Delaware, Inc. v. Strauss-Hammer*, 610 A.2d 503, 505 (Pa. Super. 1992).  Accordingly, the fact that the March 2018 amendments occurred after the August 2017 sale is of no moment.

Finally, H&S waived raising an objection as to whether the City was required to receive leave of court under 53 P.S. § 7188 before filing amended affidavits.  Specifically, although H&S alleged various alleged defects with the affidavit of service, it did not object to the absence of a petition to amend.  In addition, the trial court granted leave to amend at oral argument on H&S's Amended Motion.  (N.T. at 16; R.R. at 16a.)  As the trial court observed, failure to raise an issue in the lower court results in waiver.  Pa. R.A.P. 302(a).

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                      :
                                          :
                v.                        :     No. 1042 C.D. 2018
                                          :
H & S Auto Outlet Inc.,                   :
                        Appellant         :


# **O R D E R**


AND NOW, this 25th day of June, 2019, the order of the Court of Common Pleas of Philadelphia County is hereby AFFIRMED.


_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge