IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | No. 2231 C.D. 2015 |
| v. | : | Argued: March 7, 2016 |
| | : | |
| Harry Auguste | : | |
| Wiltherkeen Auguste | : | |
| and DY Properties, LLC, | : | |
| | : | |
| The Appeal of: DY Properties, LLC | : | |


| | | |
|---|---|---|
| City of Philadelphia, | : | |
| | : | No. 2566 C.D. 2015 |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Harry Auguste, Wiltherkeen | : | |
| Auguste and DY Properties | : | |


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE JAMES GARDNER COLINS, Senior Judge
             HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION BY SENIOR JUDGE FRIEDMAN                    FILED:  April 29, 2016


The City of Philadelphia (City) and DY Properties, LLC (DY) (together, Appellants) appeal from the October 21, 2015, order of the Court of Common Pleas of Philadelphia County (trial court) reaffirming the trial court's August 27, 2015, order that set aside the sheriff's sale of property owned by Harry and Wiltherkeen Auguste (together, Auguste) located at 3344-52 North 10th Street, a/k/a 1007-23 West Thayer Street (Property), in the City.

On April 23, 2014, the City filed a petition for a rule to show cause (Petition) why the Property should not be sold pursuant to what is commonly known as the Municipal Claims and Tax Liens Act (Act),[1] 53 P.S. §§7101-7505, for nonpayment of real estate taxes for tax years 2010 through 2013. (Trial Ct. Op., 1/6/16, at 1.) On May 12, 2014, the trial court issued a rule to show cause (Rule). (*Id.*) The City filed an affidavit indicating that on June 2, 2014, it posted the Petition and Rule on the Property. (*Id.* at 2.) The City also filed an affidavit indicating that it had served the Petition and Rule on Auguste and Wachovia n/k/a Wells Fargo (Wells Fargo), which held a mortgage on the Property, via certified mail on June 3, 2014, and via first-class mail on June 4, 2014. (*Id.*) No answer was filed to the City's Petition. On July 2, 2014, the trial court ordered that the Property be sold at a sheriff's sale (Decree). (*Id.*)

On February 6, 2015, a handbill announcing the date, time, and place of the sheriff's sale was posted on the Property. (*Id.* at 2 n.1.) On February 13, 2015, the City served Auguste and Wells Fargo, via first-class mail, with the Petition, Rule, and Decree, notifying them that a sheriff's sale of the Property was scheduled, together with the date, time, and place of the sale. (*Id.*) The City filed an affidavit of service relating to the notice on February 24, 2015. On March 17, 2015, the Property was sold at a sheriff's sale to Youth Up Training Program, LLC, (Youth Up) for $15,000. Youth Up assigned the Property to DY on March 18, 2015. (*Id.* at 2.) The sheriff's deed was acknowledged on April 30, 2015, and recorded on May 11, 2015.

---

[1] Act of May 16, 1923, P.L. 207, *as amended*.

Auguste filed a motion to stay the proceedings on June 22, 2015, and a motion to set aside the sheriff's sale on June 23, 2015, contesting the service of the Petition and Rule.[2] (*Id.*) Auguste maintained that section 31.2 of the Act,[3] 53 P.S. §7283, required the City to serve the Petition and Rule in the manner provided for in the Act for the service of a writ of *scire facias*. (Pet. to Set Aside, 6/23/15, at 2.) Auguste also maintained that although the City mailed the Rule and Petition by first-class mail, section 39.2 of the Act,[4] 53 P.S. §7193.2, also requires either certified or registered mail. (*Id*. at 3.) Appellants filed an answer stating that they complied with the Act, which allows notice of a sheriff's sale to be made by first-class mail. The trial court conducted an emergency hearing, at which DY was granted intervenor status.

On August 13, 2015, the trial court held a hearing on the motion to set aside the sheriff's sale, at which Auguste did not testify. By order dated August 27, 2015, the trial court granted Auguste's motion to set aside the sheriff's sale of the Property. In its order, the trial court agreed with Appellants that the Act only requires notice of the sale to be made by first-class mail. (Trial Ct. Order, 8/27/16, at 4.) "[H]owever, it would appear that the reason the City is authorized to mail a Notice of Sheriff's Sale is because the Act contemplates that the [trial] [c]ourt has previously held a hearing authorizing the issuance of such Rule and/or [D]ecree and that the trial court has at that hearing determined that service of the Petition and Rule authorizing

---

[2] DY maintains that both motions were only verified by counsel.

[3] Added by the Act of March 15, 1956, P.L. (1955) 1274.

[4] Added by the Act of December 14, 1992, P.L. 859.

[the] sale has been made in accordance with the Act." (*Id.*) The trial court further noted that there was no hearing before the entry of the Decree authorizing the sheriff's sale. (*Id.*) Moreover, there was no evidence in the record that the Property was ever posted with the actual date of the sheriff's sale at any time before the sale occurred in accordance with the Pennsylvania Rules of Civil Procedure. (*Id.* at 5-6.)

Appellants filed a motion for reconsideration, which the trial court granted. The trial court held a hearing on October 19, 2015, at which the trial court questioned whether Wells Fargo had ever been served. On October 21, 2015, the trial court issued an order denying Appellants' petition to vacate the trial court's August 27, 2015, order that set aside the sheriff's sale. The trial court stated that "following the reconsideration hearing of October 19, 2015, this Court determined that because the address filed with the Court regarding the first lienholder [Wells Fargo] did not match the address where the Decree was apparently mailed[,] there was no proof of actual notice by mail to the lienholder [Wells Fargo]." (Trial Ct. Order, 10/21/15, at 2 n.1.) The trial court ordered the deed transferred back to Auguste.[5] (*Id.* at 2.)

Thereafter, Appellants appealed to this court. On November 19, 2015, DY filed a request for extraordinary relief with this court, seeking a stay of the trial court's October 21, 2015, order. On November 24, 2015, this court stayed the trial court's October 21, 2015, order.

---

[5] Also in its October 21, 2015, order, the trial court scheduled a new rule to show cause hearing for December 2, 2015, for the entry of a new decree. Service of the rule was directed upon all parties, including Wells Fargo. (Trial Ct. Order, 10/21/15, at 3.) Following the December 2, 2015, hearing, the trial court issued an order rendering the December 2, 2015, rule hearing moot. (Trial Ct. Order, 1/3/16, at 1.)

4

After Appellants filed a statement of errors complained of on appeal, the trial court issued an opinion. The trial court stated that the record indicated that no hearing occurred prior to the entry of the Decree ordering the sheriff's sale. (Trial Ct. Op., 1/6/16, at 7-8.) Moreover, the trial court was not convinced that Wells Fargo had been sent notice. (*Id.* at 8.) Because of these defects, the trial court set aside the sheriff's sale. (*Id.*)

This court's review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion. *City of Philadelphia v. Robinson*, 123 A.3d 791, 794 n.2 (Pa. Cmwlth. 2015).

Initially, Appellants argue that the trial court erred in setting aside the sheriff's sale based on issues raised *sua sponte*. Auguste raised only two issues in his petition to set aside: whether the sheriff was required to serve the Petition and whether signed return receipts were required to complete service. (Pet. to Set Aside, 6/23/15, at 2-3.) However, neither of these issues was the basis of the trial court's decision to set aside the sheriff's sale.

In its August 27, 2015, order, the trial court set aside the sheriff's sale because it determined that no hearing was held before issuance of the Decree. Moreover, the trial court also indicated that there was no record evidence that the sheriff's sale was ever posted with the actual date of the sale. (Trial Ct. Order, 8/27/15, at 4-5.) After granting reconsideration and conducting another hearing, the trial court then concluded that it was uncertain whether Wells Fargo had notice

5

because "the address filed with the Court . . . did not match the address where the decree was apparently mailed." (Trial Ct. Order, 10/21/15, at 2 n.1.) Appellants argue that Auguste did not raise any of these issues;[6] they were all raised by the trial court *sua sponte*. We agree.

Due process issues raised *sua sponte* by the trial court are a basis for reversal. *Commonwealth v. Murphy*, 451 A.2d 514, 516-17 (Pa. Super. 1982). A court must confine its consideration to the issues presented by the parties. *Snider v. Thornburgh*, 436 A.2d 593, 601 n.8 (Pa. 1981). Thus, this court will review the only issue presented to the trial court: whether the City properly served Auguste.

Section 39.2 of the Act specifically addresses the manner of service of a sale petition and rule to show cause. *Robinson*, 123 A.3d at 795.

> [S]ervice is accomplished by (1) posting a petition for a rule to show cause (the Sale Petition in this case) and the rule to show cause issued by the court in response to the petition (the "rule returnable order" as captioned by the trial court, scheduling the hearing) and (2) mailing the petition and rule to the owner by first[-]class mail to the address the owner registered under [s]ection 39.1(a) of the Act.[7]

*Id.* at 796.

---

[6] *See Robinson*, 123 A.3d at 798 (stating that the property owner waived the issue of whether the City docketed its tax lien by failing to raise it).

[7] Added by the Act of December 14, 1992, P.L. 859.

Here, the City sent the Petition and Rule via certified mail to Auguste, return receipt requested, and by first-class mail, postage pre-paid, at the mailing address listed on the City's Tax Information Certificate.[8] Service of the Petition and Rule was also made via certified and first-class mail to Wells Fargo, addressed to its registered agent for service of process in Pennsylvania, Corporation Service Company, at its Harrisburg address. The City filed an affidavit of service on June 11, 2014, indicating that service by certified mail was accomplished on June 3, 2014, and service by first-class mail was accomplished June 4, 2014. The Petition and Rule were also posted on the Property on June 2, 2014,[9] and the requisite affidavit of service was filed on June 9, 2014. Accordingly, service was proper in accordance with section 39.2 of the Act.

Auguste nonetheless responds that "although the City may have adhered to the bare minimum required by the controlling statutes [as to notice], it was insufficient given the particular facts of this case." (Auguste Br. at 6.) Specifically, Auguste relies on Marc Guerrier's testimony at the October 19, 2015, hearing that he leases the Property and stores vehicles thereon. Guerrier further testified that he pays the mortgage to Wells Fargo every month and that the taxes are escrowed and paid by Wells Fargo. Auguste implies that there were other addresses that the City could have used to send notice to Wells Fargo. The trial court, however, did not discuss

---

[8] Auguste "concedes taxes were unpaid and that Notice pursuant to the controlling statutes [was] sent to the address on record with the City." (Auguste Br. at 4.)

[9] Auguste also states that the "City presented a certificate of posting on a gate, but [Marc] Guerrieri [Auguste's tenant] testified he never saw the notice." (Auguste Br. at 7.)

7

Guerrier's testimony, and no evidence was introduced as to Guerrier's purported mortgage payments.

Accordingly, because we conclude that the City satisfied the Act's notice requirements and the trial court erred in setting aside the sheriff's sale based on issues raised *sua sponte*, we reverse.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

Senior Judge Colins dissents.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| City of Philadelphia | : | |
| | : | No. 2231 C.D. 2015 |
| v. | : | |
| | : | |
| Harry Auguste | : | |
| Wiltherkeen Auguste | : | |
| and DY Properties, LLC, | : | |
| | : | |
| The Appeal of: DY Properties, LLC | : | |

| | | |
|---|---|---|
| City of Philadelphia, | : | |
| | : | No. 2566 C.D. 2015 |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| Harry Auguste, Wiltherkeen | : | |
| Auguste and DY Properties | : | |

O R D E R

AND NOW, this 29th day of April, 2016, we hereby reverse the October 21, 2015, order of the Court of Common Pleas of Philadelphia County.

_____
ROCHELLE S. FRIEDMAN, Senior Judge