City of Philadelphia      :
     :
             v.      :
     :
Jose Rivera, Paula Marino,      :
The United States of America      :
and Harrison, Inc.      :
     :    No. 513 C.D. 2016
Appeal of: Harrison, Inc.      :    Argued: May 2, 2017


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: June 22, 2017

Harrison, Inc. (Harrison) appeals from the Philadelphia County Common Pleas Court's (trial court) March 10, 2016 order granting Jose Rivera (Rivera) and Paula Marino's (collectively, Owners) Renewed Motion to Set Aside the sheriff's sale of a storage garage located at 802 Judson Street in Philadelphia (Property) (Renewed Motion). There are three issues before this Court: (1) whether Harrison has standing to pursue the instant appeal; (2) whether the trial court erred by holding that the City of Philadelphia (City) failed to comply with the sheriff's sale notice requirements; and (3) whether the trial court erred by denying Harrison's reconsideration motion. After review, we reverse.

On August 23, 2013, the City filed a petition seeking a Rule to Show Cause why the Property should not be sold for failure to pay taxes (Petition). On October 2, 2013, the trial court issued the Rule to Show Cause. The City filed attestations that the Rule to Show Cause and the Petition were posted at the Property

on October 30, 2013, and were served by first-class and certified mail upon numerous entities, including Owners, on November 7, 2013.[1] On January 29, 2014, the trial court issued the decree for a sheriff's sale (Decree). The Decree did not specify a date and time, but instead directed:

> Pursuant to [Section 39.2(c) of] the Act [commonly referred to as the Municipal Claims and Tax Liens Act (Act)[2]], 53 P.S. § 7193.2(c),[3] notice of this Decree and of the time, place and date of the [s]heriff's [s]ale, shall be served by first[-]class mail on all respondents served with the Petition and Rule [to Show Cause], on any party whose interest appeared of record . . . . The [City] shall file an affidavit of service of the aforementioned notices prior to the date of the [s]heriff's [s]ale.

Reproduced Record (R.R.) at 174. On May 14, 2015, the City filed an affidavit affirming that, on May 8, 2015, it served Owners at the Property's 802 Judson Street address, and other interested parties, the Decree and notice of the date, time and place of the sheriff's sale. R.R. at 175. On May 29, 2015, the City filed another affidavit attesting that on May 29, 2015, it served the Decree and notice of the date, time and

---

[1] The notice was mailed to 802 Judson Street, the address listed with the City's tax bureau and on the tax information certificate. *See* Reproduced Record (R.R.) at 144. Rivera admitted in his testimony that he did **not** notify the City's tax bureau that notices for the Property should be mailed to his home address of 816 Judson Street, since "the post person would deliver our mail [for] 802 to 816." R.R. at 56. Notably, Section 39.1(a) of the Act of May 16, 1923, P.L. 207, *as amended*, commonly referred to as the Municipal Claims and Tax Liens Act (Act), requires a real property owner to register his name, residence and mailing address and property description with the City tax bureau. *See* 53 P.S. § 7193.1, added by Section 4 of the Act of December 14, 1992, P.L. 850. Section 39.2(b) of the Act, which pertains to service of the petition and rule to show cause, states, in relevant part: "No party whose interest did not appear on a title search, title insurance policy or tax information certificate **or who failed to accurately register his interest and address pursuant to section 39.1 of this [A]ct shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section.**" 53 P.S. § 7193.2(b) (emphasis added).

[2] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§ 7101-7505.

[3] Added by Section 4 of the Act of December 14, 1992, P.L. 859, *as amended*.

2

place of the sheriff's sale upon additional interested parties. R.R. at 207. The Decree and notices were not returned as undeliverable.[4]

On June 16, 2015, the Property was sold to Harrison at the sheriff's sale.[5] On June 24, 2015, Owners filed a motion to redeem the Property (Motion to Redeem) and, on July 12, 2015, filed a motion to set aside the sheriff's sale (Motion to Set Aside Sale). In their Motion to Set Aside Sale, Owners asserted that "[t]he City did not satisfy the notice requirements of the [Act] because [Owners] were not properly served originally and because [Owners] should have been served again after the Agreement with the City failed." Motion to Set Aside Sale ¶ 18. The trial court issued a Rule Returnable for each motion for August 13, 2015. On August 13, 2015, Owners presented the trial court with proof of service of the Rule Returnable on Harrison, but Harrison did not appear. On August 28, 2015, Harrison's counsel entered his appearance as a third-party intervenor. Thereafter, the City and Owners agreed to redeem the Property, and provided the trial court with their agreement. Because the Motion to Set Aside Sale would be moot if Owners successfully redeemed the Property, the trial court continued the Rule Returnable hearing on the Motion to Set Aside Sale.

Owners requested, and by September 30, 2015 order, the trial court granted, additional time to complete the redemption. A second order of the same date rendered the Motion to Set Aside Sale moot, without prejudice to refile after a December 2, 2015 status hearing.

---

[4] Although the Act does not require posting of the sheriff's sale notice, the City asserted that it nevertheless posted the notice at the Property on April 29, 2015. However, a sheriff's return of service evidencing the posting was not docketed until March 17, 2016, approximately one week after the trial court granted the Renewed Motion on March 10, 2016.

[5] The sheriff's deed conveying the property to Harrison was recorded on July 23, 2015.

At the time of the December 2, 2015 status hearing,[6] Owners had failed to redeem the Property. Thereafter, on December 3, 2015, the trial court denied Owners' Motion to Redeem. On December 10, 2015, Owners sought reconsideration. Harrison, although never having formally filed an application to intervene, filed an answer to Owners' reconsideration request, that Owners did not seek to quash. By December 14, 2015 order, the trial court granted Owners' reconsideration request, and scheduled a January 27, 2016 hearing thereon.

On January 11, 2016, Owners filed the Renewed Motion, alleging that "[t]he City did not satisfy the notice requirements of the [Act] because [Owners] were not properly served originally and because [Owners] should have been served again after the Agreement with the City failed." Renewed Motion ¶ 18. On January 17, 2016, Harrison answered the Renewed Motion, and Owners did not object. Following the January 27, 2016 hearing, the trial court scheduled an evidentiary hearing for March 8, 2016 to determine whether the Property was subject to redemption and/or whether the sheriff's sale should be set aside, as well as to address the sheriff's refusal to return sale proceeds. The City, Owners and Harrison appeared and participated in the March 8, 2016 hearing. Owners did not object to Harrison's participation at the hearing. By March 10, 2016 order, the trial court granted the Renewed Motion. Harrison filed a motion for reconsideration, which Owners did not

---

[6] Harrison asserts in its brief that "[a]t the December 2015 hearing, the trial court granted [Harrison's] intervention status without [the] filing [of] a formal [p]etition." Harrison's Br. at 18; *see also id.* at 7 ("David Denenberg, Esquire attended and participated in the December 2, 2015 hearing on behalf of [Harrison], and from the bench, Judge Carpenter formally recognized [Harrison's] status as Interven[o]r."). However, Harrison does not provide a citation to the record in support of its statement. Further, there does not appear to be a transcript of the December 2, 2015 hearing, and the docket entries for that date do not reflect any such "formal[]" recognition of Harrison's intervenor status. *Id.* Notwithstanding, the trial court acknowledged at the March 8, 2016 hearing: "Your client [Harrison], I gave intervenor status to come in after the fact . . . ." R.R. at 133.

seek to quash.  On March 22, 2016, the trial court denied Harrison's reconsideration motion.  Harrison appealed to this Court.[7]

In its opinion, the trial court concluded, *inter alia*, that Harrison is not a valid intervenor because it did not file an intervention petition.  The trial court also set forth its reasons for granting Owners' Renewed Motion, concluding that the City had failed to comply with Pennsylvania Rule of Civil Procedure No. (Rule) 3129.2 (governing notice before the sale of real property)[8] and the Act, and that its March 10,

---

[7] "This [C]ourt's review of a trial court's order in a tax sale matter is limited to determining whether the trial court erred as a matter of law, rendered a decision that is unsupported by the evidence, or abused its discretion."  *City of Phila. v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016).

The City filed a brief in this matter.  Although designated "Appellee," the City, like Harrison, seeks reversal of the trial court's March 10, 2016 order.

[8] Rule 3129.2 provides:

> (a) Notice of the sale of real property shall be given by handbills as provided by subdivision (b), by written notice as provided by subdivision (c) to all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1, and by publication . . . .
>
> (b) The handbills shall be posted by the sheriff in the sheriff's office and upon the property at least thirty days before the sale . . . .
>
> (c) The written notice shall be prepared by the plaintiff, shall contain the same information as the handbills or may consist of the handbill and shall be served at least thirty days before the sale on all persons whose names and addresses are set forth in the affidavit required by Rule 3129.1.
>
> > (1) Service of the notice shall be made
> >
> > > (i) upon a defendant in the judgment who has not entered an appearance and upon the owner of the property.
> > >
> > > > (A) by the sheriff or by a competent adult in the manner prescribed by Rule 402(a) for the service of original process upon a defendant, or

5

2016 order was justified because Owners did not have actual notice of the Property's sale. The trial court explained:

> Th[e trial c]ourt acknowledges . . . that the requirements under the [Act], akin to those of the Rules of Civil Procedure, were enacted with a protective purpose of ensuring that individuals have knowledge of a sale of their property. As stated by the Commonwealth Court, with regard to Section 39.2 [of the Act], the 'procedural requirements were enacted by the General Assembly as a safeguard to ensure that a city has taken all of the appropriate steps prior to depriving a person of his/her right to real property.' [*City of Phila. v. Schaffer*, 974 A.2d 509, 512 (Pa. Cmwlth. 2009)]. Accordingly, th[e trial c]ourt's decision to set aside the sale was not based upon a rote analysis of the City's failure to comply with the Rules of Civil Procedure or the [Act], but instead based upon a finding that Owners did not have *actual notice* of the sale.

---

(B) by the plaintiff mailing a copy in the manner prescribed by Rule 403 to the addresses set forth in the affidavit . . . .

. . . and

(ii) upon the defendant in the judgment who has entered an appearance, by the plaintiff in the manner provided by Rule 440, and

(iii) upon each other person named in the affidavit by the plaintiff by ordinary mail at the address set forth in the affidavit with the return address of the plaintiff appearing thereon. . . .

(2) The person serving the notice shall file a return of service as provided by Rule 405. If service is made by mail pursuant to subdivision (c)(1)(iii), the return shall include the certificate of mailing and the letter, if returned.

(3) If service on any person is not made at least thirty days prior to the date of the sale stated in the notice, such notice shall be deemed timely if the sale is stayed, continued, postponed or adjourned in accordance with Rule 3129.3 to a date certain which is at least thirty days after the date of the last required service.

Pa.R.C.P. No. 3129.2.

Trial Court Op. at 8. After reviewing Rivera's testimony which the trial court found to be credible, it concluded:

> The [P]roperty at 802 Judson Street is a garage that Owners use for household storage, as it is just four houses down from their residence at 816 Judson Street. While Owners never changed the mailing address on file with the City for the [P]roperty, the City was clearly aware of the nature of the [P]roperty and would have had reason to know of Owners' residential address[,] as Owners had previously entered into a repayment plan for the delinquent taxes. Moreover, the affidavit of the posting of the handbill with the day/time of the sale was never made part of the docket until March 17, 2016, after this [c]ourt had entered its Order and the affidavit regarding the service of the notice of sale via first-class mail did not contain any mention of the day/time of the sale. As such, the record evidence could not support an inference of actual notice and, taken in conjunction with the witness testimony refuting any notice at all, this [c]ourt properly set the sale aside.

Trial Court Op. at 11-12 (footnote omitted).

Initially, we address whether it was proper for the trial court, *sua sponte*, to raise the issue of Harrison's standing. The trial court stated in its opinion that this Court should quash Harrison's appeal since, in light of Rule 2328's mandatory language, Harrison's failure to file an intervention petition is fatal to its status as a party, thus, its right to appeal. Rule 2328(a) provides:

> Application for leave to intervene **shall** be made by a petition in the form of and verified in the manner of a plaintiff's initial pleading in a civil action, setting forth the ground on which intervention is sought and a statement of the relief or the defense which the petitioner desires to demand or assert. The petitioner shall attach to the petition a copy of any pleading which the petitioner will file in the action if permitted to intervene or shall state in the petition that the petitioner adopts by reference in whole or in part certain named pleadings or parts of pleadings already filed in the action.

7

Pa.R.C.P. No. 2328(a) (emphasis added). In response, Harrison contends that the trial court: (1) recognized Harrison as an intervenor; (2) permitted Harrison to respond to Owners' reconsideration motion and the Renewed Motion; (3) permitted Harrison to fully participate in the March 8, 2016 hearing; (4) identified Harrison as "Interven[o]r/Third Party Purchaser" in its March 10, 2016 order granting the Renewed Motion; (5) permitted Harrison to seek reconsideration of the trial court's March 10, 2016 order; and, (6) identified Harrison as "interven[o]r" in its March 22, 2016 order denying its reconsideration motion.

"[T]he courts of this Commonwealth view the issue of standing as nonjurisdictional and waivable." *In re Condemnation by Urban Redevelopment Auth. of Pittsburgh*, 913 A.2d 178, 181 n.6 (Pa. 2006).

> While a party has a duty to preserve an issue at every stage of a proceeding, he or she also **must comply with the general rule to raise an issue at the earliest opportunity.** *Renna v. Dep't of Transp., Bureau of Driver Licensing*, 762 A.2d 785, 788 (Pa. Cmwlth. 2000) (holding failure to raise issue during trial court's hearing constituted waiver).

*Campbell v. Dep't of Transp., Bureau of Driver Licensing*, 86 A.3d 344, 349 (Pa. Cmwlth. 2014) (emphasis added); *see e.g.*, *Pittsburgh Trust for Cultural Res. v. Zoning Bd. of Adjustment of City of Pittsburgh*, 604 A.2d 298, 304 (Pa. Cmwlth. 1992) (Property owners waived their right to object to the city's intervention where "owners failed to object to the [c]ity's participation in a conciliation conference . . . , and also filed a supplemental brief . . . regarding the issue of standing, in which they referred to the [c]ity as intervenor/appellant without raising any objections."). Moreover, the law is well-established that "the **question of standing** is not an issue of subject matter jurisdiction and, therefore, **may not be raised *sua sponte*.**" *Firearm Owners Against Crime v. Lower Merion Twp.*, 151 A.3d 1172, 1180 n.10 (Pa. Cmwlth. 2016) (emphasis added); *see also In re Nomination Petition of*

*deYoung*, 903 A.2d 1164 (Pa. 2006). Here, since Owners did not raise the issue of Harrison's standing or attempt to quash Harrison's filings before the trial court or this Court, they have waived the standing issue. Accordingly, the trial court improperly raised the issue and Harrison's standing may not now be questioned.[9]

Harrison next contends that the trial court erred by holding that Owners were not properly served because they did not receive actual notice. Harrison asserts that the Act sets forth the only service requirements for a municipal sheriff's sale and the City complied therewith. The City argues that the trial court improperly raised the City's alleged failure to comply with Rule 3129.2. The trial court opined that the City was required to comply with the service requirements of both Section 39.2(c) of the Act[10] and Rule 3129.2. The trial court's ruling herein is made on the same

---

[9] Notwithstanding, we note:

> [A]ppellate courts consistently hold property owners are indispensable parties to lawsuits affecting their property rights. *See Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, . . . 346 A.2d 788 ([Pa.] 1975) (in litigation involving an easement, the fee simple owner of a servient tenement is an indispensable party); *Zerr v. Dep't of Envtl. Res., Bureau of State Parks,* . . . 570 A.2d 132 ([Pa. Cmwlth.] 1990) (United States which owned the mineral rights in a piece of property was an indispensable party in adjacent landowner's suit to quiet title of strips of land along the boundary); *Biernacki v. Redevelopment Auth. of City of Wilkes-Barre,* . . . 379 A.2d 1366 ([Pa. Cmwlth.] 1977) (owner of real estate is an indispensable party to proceedings seeking transfer of title to property of another); *Posel v. Redevelopment Auth. of City of Phila.,* . . . 456 A.2d 243 ([Pa. Cmwlth.] 1983) (equitable owner in a piece of property is an indispensable party to an equity action attempting to stop the sale of the property to the equitable owner).

*Fulton v. Bedford Cty. Tax Claim Bureau*, 942 A.2d 240, 244 (Pa. Cmwlth. 2008). "Failure to join an indispensable party to a lawsuit deprives the court of subject matter jurisdiction." *Id*. at 242 n.3. As the Property's purchaser and record deed holder, Harrison was the Property's owner and, thus, its participation was necessary to the action. In Harrison's absence, the trial court would have lacked subject matter jurisdiction.

[10] Section 39.2 of the Act provides:

9

**(a)** In cities of the first class, notice of a rule to show cause why a property should not be sold free and clear of all encumbrances issued by a court pursuant to a petition filed by a claimant under [S]ection 31.2 of th[e A]ct shall be served by the claimant upon owners, mortgagees, holders of ground rents, liens and charges or estates of whatsoever kind as follows:

    **(1)** By posting a true and correct copy of the petition and rule on the most public part of the property;

    **(2)** By mailing by first[-]class mail to the address registered by any interested party pursuant to [S]ection 39.1 of th[e A]ct a true and correct copy of the petition and rule; and

    **(3)** By reviewing a title search, title insurance policy or tax information certificate that identifies interested parties of record who have not registered their addresses pursuant to [S]ection 39.1 of th[e A]ct, the city shall mail by first[-]class mail and either by certified mail, return receipt requested, or by registered mail to such addresses as appear on the respective records relating to the premises a true and correct copy of the petition and rule.

    Service of notice pursuant to this section shall be deemed accomplished on the date of mailing. The city shall file an affidavit of service with the court prior to seeking a decree ordering the sale of the premises.

. . . .

**(b)** No party whose interest did not appear on a title search, title insurance policy or tax information certificate or who failed to accurately register his interest and address pursuant to [S]ection 39.1 of th[e A]ct shall have standing to complain of improper notice if the city shall have complied with subsection (a) of this section. This provision shall not apply if the mortgage or interest was otherwise properly recorded in the Office of the Recorder of Deeds and the document contains a current address sufficient to satisfy the notice requirements of this section. Notwithstanding any other requirement set forth in this act or any other law to the contrary, the notice required by subsection (a) of this section shall constitute the only notice required before a court may enter a decree ordering a tax sale.

. . . .

**(c) Notice of the court's decree ordering a tax sale, together with the time, place and date of the sale, shall be served by first[-]class mail on all parties served with the petition and rule, on any parties whose interest appeared of record after the filing of the**

grounds it set forth in *City of Philadelphia v. Auguste* (C.P. Phila. No. 1404T0460, filed January 6, 2016), *rev'd*, 138 A.3d 697 (Pa. Cmwlth. 2016), wherein the trial court explained:

> Th[e trial c]ourt readily acknowledges and agrees that Section 39.2 of the [Act] allows notice of the decree ordering a [s]heriff's [s]ale to be served via first-class mail only; however, th[e trial c]ourt has reasoned that the underlying foundation for such provision rests in the mandates of Section 31.2 [of the Act], wherein the [trial] court has *already granted a rule and conducted a hearing* to be assured of proper service of both the [r]ule and the [p]etition, in accordance with the [Act]. Rule 3129.2 . . . further guides the service requirements for the notice of [s]heriff's [s]ale via posting of handbills, written notice to the parties, as well as publication.
>
> In the instant matter, the record indicates *that no hearing occurred prior to the entry of the decree* ordering a [s]heriff's [s]ale of the property at an unspecified date and time. Accordingly, this Court had no assurance that the [r]ule and/or the [p]etition were properly served on any [of] the parties in interest, including the first lienholder . . . . **In addition, there is no record evidence that notice of the [s]heriff's [s]ale was posted to the property with the actual time, place, and date of the sale at any time prior to the sale, in compliance with [Rule] 3129.2. Due process is manifested in the procedural requirements for notice and opportunity for a hearing, as collectively dictated by Section[s] 31.2 and 39.2 of the [Act], [Rules] 206.1-206.7 (governing petitions generally), and [Rules] 3129.1-3129.3 (governing notice of [s]heriff's [s]ale).**

*Auguste*, slip op. at 4-5 (footnotes omitted; emphasis added).

On appeal, this Court reversed the trial court, explaining:

---

**petition but before the court's decree and on any creditor who has obtained judgment against the owner of the premises prior to the date of the decree. The city shall file an affidavit of service of these notices prior to the date of the sale.**

53 P.S. § 7193.2 (emphasis added).

> [The a]ppellants argue that the trial court erred in setting aside the sheriff's sale based on issues raised *sua sponte*. Auguste raised only two issues in his petition to set aside: whether the sheriff was required to serve the [p]etition and whether signed return receipts were required to complete service. However, neither of these issues was the basis of the trial court's decision to set aside the sheriff's sale.
>
> In its August 27, 2015[] order, the trial court set aside the sheriff's sale because it determined that no hearing was held before issuance of the [d]ecree. Moreover, the trial court also indicated that there was no record evidence that the sheriff's sale was ever posted with the actual date of the sale. After granting reconsideration and conducting another hearing, the trial court then concluded that it was uncertain whether [the mortgage-holder] had notice because 'the address filed with the Court . . . did not match the address where the decree was apparently mailed.' (Trial Ct. Order, 10/21/15, at 2 n.1.) [The a]ppellants argue that [the appellees] did not raise any of these issues; they were all raised by the trial court *sua sponte*. We agree.
>
> **Due process issues raised *sua sponte* by the trial court are a basis for reversal. A court must confine its consideration to the issues presented by the parties.**

*City of Phila. v. Auguste*, 138 A.3d 697, 700 (Pa. Cmwlth. 2016) (bold emphasis added; citations and footnote omitted). This Court then considered the only issue properly before the trial court – whether the City served the property owner as required by law. On that issue, this Court concluded that the City had satisfied the Act's service requirements and reversed the trial court's ruling because it was based on improperly-raised issues.

Here, the trial court again, *sua sponte,* raised issues of the City's compliance with Rule 3129.2. As in *Auguste*, this action was improper because the only issue raised in Owners' Renewed Motion was the City's violation of the Act. Further, the record reveals that the City complied with the Act's mandates. Section 39.2(c) of the Act requires:

12

> **Notice of the court's decree ordering a tax sale, together with the time, place and date of the sale, shall be served by first[-]class mail on all parties** served with the petition and rule, on any parties whose interest appeared of record after the filing of the petition but before the court's decree and on any creditor who has obtained judgment against the owner of the premises prior to the date of the decree. The city shall file an affidavit of service of these notices prior to the date of the sale.

53 P.S. § 7193.2(c) (emphasis added). The trial court noted:

> The City filed an Affidavit of Service indicating that, on May 8, 201[5], it had served the Decree and Notice of [s]heriff's [s]ale upon numerous entities, including Owners, via first-class mail only pursuant to [Section 31.2(c) of the Act,] 53 P.S. § 7193.2(c). While the Affidavit indicates that the 'time, place, and date of the [s]heriff's [s]ale' were provided, the date of the sale is not listed within the Affidavit nor was the handbill attached. Further, the docket was void of any evidence that the property was ever posted with the Decree, Notice of Sale, or time, place, and date of the sale.

Trial Court Op. at 2. Notably, Section 39.2(c) of the Act does **not** mandate the date of sale be listed **in the Affidavit of Service**. The Act merely requires proper mailing to the necessary parties of the petition, rule and notice with the time, place and date of sale, **and the filing of an affidavit certifying that the requisite notices were sent. In addition, Section 39.2(c) of the Act does *not* require posting of the notice of sheriff's sale.**

Moreover, contrary to the trial court's ruling, the United States Supreme Court has held:

> Due process does not require that a property owner receive actual notice before the government may take his property. Rather, . . . due process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'

13

> *Mullane* [*v. Cent. Hanover Bank & Trust Co.*], 339 U.S. [306,] 314 . . . [(1950).]

*Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citation omitted).

At the March 8, 2016 hearing, the trial court acknowledged that the City had complied with the Act's service requirements, stating:

> There is no proof of posting of that notice of sheriff's sale in front of me. Whether it was done or not done, I have no idea. Not the [P]etition, we don't even have notice of proof of posting of the [D]ecree. **We have proof of mailing of the [D]ecree. That's fine, within the [Act]; not the [D]ecree stance.**
>
> But the sheriff's sale, under the constitution, there has to be – it has to be reasonably calculated to give notice.
>
> **Posting is the presumptive way to do it. Mailing it to a garage, no posting.** [Rivera is] saying he didn't get it, and I believe him. It doesn't pass muster in this case constitutionally.
>
> **Fine. The City followed the rules. They did. I'll accept it.** [**The City's attorney**] **has convinced me they followed the rules. But just because you followed the rules doesn't mean that I don't get to say, under the constitution, there was not service in this case.** If there wasn't service in this case and there wasn't service under the facts of this case, reasonably calculated to provide notice before the sale, not before the decree, so they're both on the same affidavit, the [D]ecree stands. But the notice of the sheriff's sale had to be posted by someone to give that presumption of service. It wasn't. It was mailed.

R.R. at 130-131 (emphasis added).

This Court has expressly recognized that adherence to the Act's service provisions sufficiently protects a property owner's due process rights:

> The purpose of sheriff's sales under the [Act], as well as tax sales under the Real Estate Tax Sale Law, Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. §§ 5860.101 - 5860.803, is not to strip the owner of his or her property but to collect municipal claims. **Strict compliance with the**

14

> **service requirement protects the procedural due process rights of all interested parties to notice and an opportunity to be heard and also guards against deprivation of property without substantive due process of law.**

*City of Phila. v. Manu*, 76 A.3d 601, 606 (Pa. Cmwlth. 2013) (emphasis added; citation omitted). Thus, the trial court in the instant case erred when, despite evidence of the City's compliance with the Act's service provisions, it granted the Renewed Motion based on its conclusion that Owners did not have actual notice of the sale.[11]

For all of the above reasons, the trial court's order is reversed.[12]

 

_____
ANNE E. COVEY, Judge

---

[11] The trial court also erred when it concluded that Rivera's testimony was sufficient to establish that he had not received the subject notices. "[I]t has long been the law of our Commonwealth that 'proof of a mailing raises a rebuttable presumption that the mailed item was received and it is well-established that the presumption under the mailbox rule is not nullified solely by testimony denying receipt of the item mailed.'" *Samaras v. Hartwick*, 698 A.2d 71, 73-74 (Pa. Super. 1997) (quoting *Dep't of Transp., Bureau of Driver Licensing v. Grasse*, 606 A.2d 544, 545 (Pa. Cmwlth. 1991)).

[12] Given our disposition of this matter, we need not address Harrison's third issue, that the trial court erred when it denied Harrison's reconsideration motion. Notwithstanding, this Court has explained that "an order denying reconsideration of a final order is not an appealable order." *Young v. Estate of Young*, 138 A.3d 78, 84 (Pa. Cmwlth. 2016). Thus, although we have reviewed the trial court's underlying March 10, 2016 order granting the Renewed Motion, we may not review the trial court's denial of Harrison's reconsideration request.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| City of Philadelphia | : |
| | : |
| v. | : |
| | : |
| Jose Rivera, Paula Marino, | : |
| The United States of America | : |
| and Harrison, Inc. | : |
| | :     No. 513 C.D. 2016 |
| Appeal of: Harrison, Inc. | : |

## O R D E R

AND NOW, this 22nd day of June, 2017, the Philadelphia County Common Pleas Court's March 10, 2016 order is reversed.

_____
ANNE E. COVEY, Judge