IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia                        :
                                            :
            v.                              :
                                            :   No. 380 C.D. 2018
Jose L. Rivera and Paula Marino,            :
The United States of America, and           :
Harrison, Inc.                              :   Submitted: March 14, 2019
                                            :
Appeal of: Jose L. Rivera and               :
Paula Marino                                :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  April 5, 2019


Jose L. Rivera and Paula Marino (Owners) appeal from the March 9, 2018 order of the Court of Common Pleas of Philadelphia County (trial court), which denied their Second Motion to Redeem the property located at 802 Judson Street, Philadelphia, Pennsylvania 19120 (the Property).


**Facts and Procedural History**

The pertinent background of this matter was set forth in *City of Philadelphia v. Rivera*, 171 A.3d 1 (Pa. Cmwlth.), *appeal denied*, 176 A.3d 857 (Pa. 2017) [hereinafter *Rivera I*], wherein Harrison, Inc. (Harrison), the third-party purchaser of the Property at issue here, appealed from a March 10, 2016 order of the

trial court granting Owners' renewed motion to set aside the sheriff's sale of the Property:

> On August 23, 2013, the City filed a petition seeking a Rule to Show Cause why the Property should not be sold for failure to pay taxes (Petition). On October 2, 2013, the trial court issued the Rule to Show Cause. The City filed attestations that the Rule to Show Cause and the Petition were posted at the Property on October 30, 2013, and were served by first-class and certified mail upon numerous entities, including Owners, on November 7, 2013. On January 29, 2014, the trial court issued the decree for a sheriff's sale (Decree). The Decree did not specify a date and time, but instead directed:
>
>> Pursuant to [Section 39.2(c) of] the Act [commonly referred to as the Municipal Claims and Tax Liens Act (Act)],[1] 53 P.S. § 7193.2(c), notice of this Decree and of the time, place and date of the [s]heriff's [s]ale, shall be served by first[-]class mail on all respondents served with the Petition and Rule [to Show Cause], on any party whose interest appeared of record . . . . The [City] shall file an affidavit of service of the aforementioned notices prior to the date of the [s]heriff's [s]ale.
>
> On May 14, 2015, the City filed an affidavit affirming that, on May 8, 2015, it served Owners at the Property's 802 Judson Street address, and other interested parties, the Decree and notice of the date, time and place of the sheriff's sale. On May 29, 2015, the City filed another affidavit attesting that on May 29, 2015, it served the Decree and notice of the date, time and place of the sheriff's sale upon additional interested parties. The Decree and notices were not returned as undeliverable.

---

[1] Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505. Section 39.2 of the Act was added by the Act of December 14, 1992, P.L. 859.

On June 16, 2015, the Property was sold to Harrison at the sheriff's sale. On June 24, 2015, Owners filed a motion to redeem the Property (Motion to Redeem) and, on July 12, 2015, filed a motion to set aside the sheriff's sale (Motion to Set Aside Sale). In their Motion to Set Aside Sale, Owners asserted that "[t]he City did not satisfy the notice requirements of the [Act] because [Owners] were not properly served originally and because [Owners] should have been served again after the Agreement with the City failed." The trial court issued a Rule Returnable for each motion for August 13, 2015. On August 13, 2015, Owners presented the trial court with proof of service of the Rule Returnable on Harrison, but Harrison did not appear. On August 28, 2015, Harrison's counsel entered his appearance as a third-party intervenor. Thereafter, the City and Owners agreed to redeem the Property, and provided the trial court with their agreement. Because the Motion to Set Aside Sale would be moot if Owners successfully redeemed the Property, the trial court continued the Rule Returnable hearing on the Motion to Set Aside Sale.

Owners requested, and by September 30, 2015 order, the trial court granted, additional time to complete the redemption. A second order of the same date rendered the Motion to Set Aside Sale moot, without prejudice to refile after a December 2, 2015 status hearing.

At the time of the December 2, 2015 status hearing, Owners had failed to redeem the Property. Thereafter, on December 3, 2015, the trial court denied Owners' Motion to Redeem. On December 10, 2015, Owners sought reconsideration. Harrison, although never having formally filed an application to intervene, filed an answer to Owners' reconsideration request, that Owners did not seek to quash. By December 14, 2015 order, the trial court granted Owners' reconsideration request, and scheduled a January 27, 2016 hearing thereon.

On January 11, 2016, Owners filed the Renewed Motion, alleging that "[t]he City did not satisfy the notice requirements of the [Act] because [Owners] were not properly served originally and because [Owners] should have been served again after the Agreement with the City

3

failed." On January 17, 2016, Harrison answered the Renewed Motion, and Owners did not object. Following the January 27, 2016 hearing, the trial court scheduled an evidentiary hearing for March 8, 2016[,] to determine whether the Property was subject to redemption and/or whether the sheriff's sale should be set aside, as well as to address the sheriff's refusal to return sale proceeds. The City, Owners and Harrison appeared and participated in the March 8, 2016 hearing. Owners did not object to Harrison's participation at the hearing. By March 10, 2016 order, the trial court granted the Renewed Motion. Harrison filed a motion for reconsideration, which Owners did not seek to quash. On March 22, 2016, the trial court denied Harrison's reconsideration motion. Harrison appealed to this Court.

In its opinion, the trial court concluded, *inter alia*, that Harrison is not a valid intervenor because [he] did not file an intervention petition. The trial court also set forth its reasons for granting Owners' Renewed Motion, concluding that the City had failed to comply with Pennsylvania Rule of Civil Procedure No. (Rule) 3129.2 (governing notice before the sale of real property) and the Act, and that its March 10, 2016 order was justified because Owners did not have actual notice of the Property's sale. The trial court explained:

> Th[e trial c]ourt acknowledges . . . that the requirements under the [Act], akin to those of the Rules of Civil Procedure, were enacted with a protective purpose of ensuring that individuals have knowledge of a sale of their property. As stated by the Commonwealth Court, with regard to Section 39.2 [of the Act], the 'procedural requirements were enacted by the General Assembly as a safeguard to ensure that a city has taken all of the appropriate steps prior to depriving a person of his/her right to real property.' [*City of Phila. v. Schaffer*, 974 A.2d 509, 512 (Pa. Cmwlth. 2009)]. Accordingly, th[e trial c]ourt's decision to set aside the sale was not based upon a rote analysis of the City's failure to comply with the Rules of Civil

4

> Procedure or the [Act], but instead based upon a finding that Owners did not have *actual notice* of the sale.

After reviewing Rivera's testimony which the trial court found to be credible, it concluded:

> The [P]roperty at 802 Judson Street is a garage that Owners use for household storage, as it is just four houses down from their residence at 816 Judson Street. While Owners never changed the mailing address on file with the City for the [P]roperty, the City was clearly aware of the nature of the [P]roperty and would have had reason to know of Owners' residential address[,] as Owners had previously entered into a repayment plan for the delinquent taxes. Moreover, the affidavit of the posting of the handbill with the day/time of the sale was never made part of the docket until March 17, 2016, after this [c]ourt had entered its Order and the affidavit regarding the service of the notice of sale via first-class mail did not contain any mention of the day/time of the sale. As such, the record evidence could not support an inference of actual notice and, taken in conjunction with the witness testimony refuting any notice at all, this [c]ourt properly set the sale aside.

*Rivera I*, 171 A.3d at 2-5 (footnotes omitted) (internal citations omitted).

In *Rivera I*, we reversed the March 10, 2016 order of the trial court, holding that it was improper for the trial court to *sua sponte* raise the issues of Harrison's standing and the City's compliance with Rule 312.9. *Id.* at 6-8. Additionally, we held that the trial court erred in granting the Renewed Motion where, despite evidence of the City's compliance with the Act's service provisions, the trial court concluded that Owners did not have actual notice of the sale. *Id.* at 10.

Subsequently, Owners filed a Second Motion to Redeem the Property, citing a footnote in the March 10, 2016 order of the trial court, which stated "[i]f this

matter is taken up on appeal, the redemption period for the [P]roperty is stayed. Should this matter be reversed on appeal, [Owners] still ha[ve] the right of redemption." (Reproduced Record (R.R.) at 28.)[2] Harrison filed a petition to intervene, which was granted, and a response in opposition. The trial court entered a Rule to Show Cause, which stated, "At the time of the hearing, the parties shall be prepared to present evidence and/or testimony as to the issues raised in the [Second Motion to Redeem] and any response thereto." (R.R. at 68.) A hearing was held on March 8, 2016, at which counsel for Owners, the City, and Harrison appeared.

During the hearing, counsel for Owners acknowledged that the sheriff had returned the proceeds from the sale, which equated to $82,677.72. (R.R. at 14; Trial court op. at 4.) However, when asked by the court whether Owners had the redemption amount, counsel stated, "We have most of it and [Owners] would be able to get it within a reasonable period of time." (R.R. at 14.) When asked whether Owners could show proof that funds were readily available at the hearing, counsel for Owners stated, "[W]e don't have [$]95,000." (R.R. at 14.) On March 9, 2018, the trial court issued an order denying the Second Motion to Redeem. Owners appealed.

In its opinion, the trial court observed that, while section 32 of the Act states that the owner of a property may "redeem the [property sold under a tax or municipal claim] at any time within nine months from the date of the acknowledgement of the sheriff's deed therefor, upon payment of the amount bid at such a sale," 53 P.S. §7293(a), this Court has held that the owner is not required to complete *all* acts of redemption, including final payment, within the nine-month

---

[2] Owners have failed to comply with the Pennsylvania Rule of Appellate Procedure 2173, requiring the pages of the reproduced record to be numbered "in Arabic figures . . . followed in the reproduced record by a small a, thus 1a, 2a, 3a, etc." Pa.R.A.P. 2173.

6

period. (Trial court op. at 2-3) (citing *City of Philadelphia v. Philadelphia Scrapyard Properties, LLC*, 132 A.3d 1060, 1066 (Pa. Cmwlth. 2016)). The trial court observed that, in this case, the sheriff acknowledged the deed on July 23, 2015, and thus, the nine-month period would have expired on April 23, 2016. However, the court noted that, instead of paying the redemption amount by January 30, 2016, as the court had previously ordered, Owners filed the Motion to Set Aside Sale. (Trial court op. at 3.)

The court emphasized that Owners filed the Second Motion to Redeem the Property pursuant to the March 10, 2016 order, but at the hearing, nearly three years after the sheriff acknowledged the deed, Owners' counsel stated on the record that Owners were not ready or financially able to pay the redemption amount of $95,000.00 plus interest to Harrison. The court stated that, although they were not required to complete all acts of redemption before the nine-month redemption period expired, "it is undisputed that—in the three years since the [s]heriff acknowledged the deed—[Owners] have never been ready and financially able to pay the redemption amount to [Harrison]." (Trial court op. at 4.) The court explained that, in denying the Second Motion to Redeem, it properly weighed the competing objectives of promoting justice with bringing finality to the redemption process, given the fact that Owners had never been ready or financially able to repay the redemption amount in the past three years. *Id.*

**Discussion**

On appeal,[3] Owners argue the trial court erred in holding that they were required to show that they were then presently able to pay the redemption amount.

---

[3] "This Court's scope of review in tax sale cases is limited to a determination of whether the common pleas court abused its discretion, rendered a decision which lacked supporting evidence or **(Footnote continued on next page…)**

7

Owners argue that "[t]here is no statutory requirement that the redemption amount be paid within the statutory period," because state and federal case law indicate that the redemption amount may be completed "long after that period, depending on the circumstances." (Owners' brief at 5.)

Section 32(a) and (b) of the Act provides, in pertinent part, as follows:

(a) The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section, redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefor, upon payment of the amount bid at such sale; the cost of drawing, acknowledging, and recording the sheriff's deed; the amount of all taxes and municipal claims, whether [sic] not entered as liens, if actually paid; the principal and interest of estates and encumbrances, not discharged by the sale and actually paid; the insurance upon the property, and other charges and necessary expenses of the property, actually paid, less rents or other income therefrom, and a sum equal to interest at the rate of ten per centum per annum thereon, from the time of each of such payments. . . .

(b) Any person entitled to redeem may present his petition to the proper court, **setting forth the facts, and his readiness to pay the redemption money**; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.

---

**(continued…)**

clearly erred as a matter of law." *Brentwood Borough School District v. HSBC Bank USA, N.A.*, 111 A.3d 807, 810 n.1 (Pa. Cmwlth. 2015).

53 P.S. §7293(a)-(b) (emphasis added). We have previously noted that this redemption statute "is to be liberally construed so as to effect its object and to promote justice." *City of Philadelphia v. F.A. Realty Investors Corp.*, 95 A.3d 377, 384 (Pa. Cmwlth. 2014). However, we have also held that a petition to redeem should be denied where the owner cannot show it is "ready, willing and able to pay the redemption price." *City of Philadelphia v. F.A. Realty Investors Corp.*, 146 A.3d 287, 300 (Pa. Cmwlth. 2016). *See also Philadelphia Scrapyard Properties*, 132 A.3d at 1068 n.7 ("In accordance with Section 32(b) of the Act, a petitioner may redeem property **if, after hearing, the trial court is satisfied of the facts in the petition, including facts demonstrating the petitioner's readiness to pay for the redemption**." (emphasis added)).

Here, the trial court was not satisfied that Owners were ready, willing, and able to pay the redemption amount based upon the declaration by their attorney that Owners "don't have [$]95,000." (R.R. at 14.) Given that admission by Owners, the trial court did not err in denying their Second Motion to Redeem. Significantly, during the hearing, Owners did not attempt to produce evidence of their ability to pay, nor did they specify what was the "reasonable" period of time in which they could produce the funds. *Id.* Further, Owners did not explain why they were unable or unwilling to introduce evidence of their readiness to pay at the hearing, pursuant to section 32(b) of the Act and the Rule to Show Cause, which notified them that they must "be prepared to present evidence and/or testimony" related to their Second Motion to Redeem. (R.R. at 68.)

Although Owners cite various cases in which courts have permitted the redemption amount to be paid at a later date, where "factors outside the control of the parties" constituted sufficient justification to extend the time to pay the redemption

9

amount, they are inapplicable here.[4]  (Owners' brief at 6.)  Owners argue the original delay in payment of the redemption amount was due to the sheriff's refusal to turn over the purchase price and assert that "[t]his is exactly the type of circumstance beyond the control of the former property owner . . . ."  (Owners' brief at 7.)  However, *Owners ignore that they acknowledged during the hearing that the sheriff had since returned the proceeds from the sale*.  Owners cite no other factor outside their control rendering them unable to pay the redemption price.

Although Owners repeatedly argue in their brief that extensions on time to pay are permissible, they did not introduce any evidence at the hearing justifying an extension.  Indeed, Owners did not even request additional time to pay the redemption price at the hearing.  Moreover, as the trial court noted, despite having received numerous extensions during the three years since the sheriff's acknowledgement of the deed, Owners do not explain why yet another extension is appropriate here.  Put simply, Owners failed to produce any evidence regarding their readiness to pay as is required under section 32(b) of the Act and, having failed to meet their burden to establish their ability to pay, the trial court appropriately denied the Second Motion to Redeem.

---

[4] For example, Owners cite *Philadelphia Scrapyard Properties*, wherein we refused to impute the sheriff's failure to disburse funds to the owner and characterize it as an inability of the owner to pay the redemption price.  132 A.3d at 1067-68.  There, pursuant to a stipulation and order in the case, the exchange of funds was to occur simultaneously (sheriff to petitioner and petitioner to third-party purchaser).  *Philadelphia Scrapyard Properties* is inapplicable here, however, because, as noted above, the sheriff had already returned the purchase price to Owners by the time of the hearing and thus the lack of those funds cannot justify Owners' present inability to pay.

Accordingly, order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Ceisler did not participate in this decision.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia              :
:
v.              :
:   No. 380 C.D. 2018
Jose L. Rivera and Paula Marino,  :
The United States of America, and  :
Harrison, Inc.           :
:
Appeal of: Jose L. Rivera and   :
Paula Marino          :

## ***ORDER***

AND NOW, this 5th day of April, 2019, the March 9, 2018 order of the Court of Common Pleas of Philadelphia County is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge