IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Waumbeeka, : 
                  Appellant : 
                   : 
          v. : No. 494 C.D. 2024
                   : Submitted: July 7, 2025
Superintendent Kevin Ransom : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                           FILED: September 3, 2025

Ronald Waumbeeka (Waumbeeka), *pro se*, appeals the order of the Court of Common Pleas of Luzerne County (Common Pleas) dated April 4, 2024, transferring this action against the Superintendent of the State Correctional Institution at Dallas (SCI Dallas), Kevin Ransom (Superintendent), to the Philadelphia County Court of Common Pleas (Philadelphia County). After careful review, we quash the appeal.

## BACKGROUND

Waumbeeka filed a document styled as a petition for writ of habeas corpus ad subjiciendum (Petition) in Common Pleas on August 28, 2023, alleging violations of his state and federal constitutional rights. Most significantly, Waumbeeka alleged the Superintendent was incarcerating him at SCI Dallas "without a constitutionally obtained, and procedurally required sentencing order." Pet., 8/28/23, ¶ 6, Claim #1.

Waumbeeka appeared to acknowledge in his Petition that he was serving a sentence of life imprisonment for a murder conviction but contended no valid order permitting this sentence existed because "the sentencing statutes used as a basis for issuing any sentence against him . . . have been rendered void ab initio by . . . the [Pennsylvania] Supreme Court's use of its severance power, or [have been] patently unconstitutional since [their] enactment." *See id.* ¶ 6, Claim #3. Waumbeeka requested that Common Pleas issue a rule directing the Superintendent to show cause why he was not entitled to relief. In addition, Waumbeeka requested that Common Pleas declare the statutes used to sentence him void or otherwise unconstitutional, grant a motion attached to the Petition to strike his sentencing order, and award him punitive damages.

The Superintendent filed an answer on October 10, 2023. The Superintendent asserted Waumbeeka was lawfully incarcerated on a judgment of sentence imposed by Philadelphia County in 1986. The Superintendent filed a motion to dismiss that same day, arguing the Petition should be transferred to Philadelphia County, where Waumbeeka's sentence was imposed. The Superintendent argued, alternatively, that the Petition was meritless, and that the Post Conviction Relief Act[1] was the exclusive means for Waumbeeka to obtain the relief he was seeking. Waumbeeka filed a brief in opposition to the motion to dismiss on March 14, 2024.

Common Pleas transferred the Petition to Philadelphia County by order dated April 4, 2024. Waumbeeka timely filed a notice of appeal to this Court, along with a concise statement of errors complained of on appeal. Common Pleas did not enter an order directing Waumbeeka to file the concise statement. Nonetheless, Common Pleas issued an opinion suggesting Waumbeeka waived his issues on appeal because

---

[1] 42 Pa.C.S. §§ 9541-9546.

he did not adequately identify them in the concise statement. Common Pleas further asserted it did not err by transferring the Petition.[2]

## DISCUSSION

As an initial matter, this Court must consider whether the April 4, 2024 order is final and appealable. We may hear appeals from only final orders, unless a statute or rule directs otherwise. *Mahoning Twp. v. Zoning Hearing Bd.*, 320 A.3d 861, 867 (Pa. Cmwlth. 2024). Generally, a final order is one that "disposes of all claims and of all parties." *See* Rule 341(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 341(b)(1).

Our courts have described a writ of habeas corpus as a civil remedy. *See Pew v. Mechling*, 929 A.2d 1214, 1218 (Pa. Cmwlth. 2007). Although Rule 311(c) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P. 311(c), permits an appeal as of right "from an order in a civil action or proceeding . . . transferring the matter to another court of coordinate jurisdiction," its comment goes on to clarify:

> [Rule 311(c)] does not relate to a transfer under . . . [Section 5103 of the Judicial Code,] 42 Pa.C.S. § 5103,[3] or any other similar provision

---

[2] Waumbeeka filed a motion seeking leave to file an amended concise statement. The record does not indicate Common Pleas ruled on the motion. We note, despite Common Pleas' suggestion that Waumbeeka waived his issues on appeal by failing to identify them, that Waumbeeka specifically alleged Common Pleas "erred by way of transferring the captioned case . . . to the criminal division of . . . Philadelphia County" in his concise statement. 1925(b) Concise Statement of Error, 4/22/24. Moreover, we have concluded failure to include an issue in a "wholly gratuitous" concise statement filed without an order of court does not result in waiver. *City of Phila. v. Robinson*, 123 A.3d 791, 794-95 (Pa. Cmwlth. 2015).

[3] Section 5103(a) provides:

> **(a) General rule.--**If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such

**(Footnote continued on next page…)**

3

of law, because such a transfer is not to a "court of coordinate jurisdiction" within the meaning of this rule; it is intended that there shall be no right of appeal from a transfer order based on improper subject matter jurisdiction. Such orders may be appealed by permission under [Rule 312 of the Pennsylvania Rules of Appellate Procedure,] Pa.R.A.P. 312, or an appeal as of right may be taken from an order dismissing the matter for lack of jurisdiction. *See Balshy v. Rank*, 490 A.2d 415, 416 (Pa. 1985).

Pa.R.A.P. 311, Comment.[4]

Thus, in *Brown v. Commonwealth*, 278 A.3d 310 (Pa. 2022), the Pennsylvania Supreme Court issued a per curiam order relying in part on the comment to Rule 311 to quash an appeal from this Court's order transferring a petition for writ of habeas corpus to the Court of Common Pleas of Wayne County.[5] We have quashed appeals of orders transferring writs of habeas corpus between county courts of common pleas in unreported memorandum opinions. *See Commonwealth v. Gilmore* (Pa. Cmwlth.,

---

appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

42 Pa.C.S. § 5103(a).

[4] We note Waumbeeka did not seek permission to appeal under Rule 312, and Common Pleas did not dismiss the matter.

[5] Specifically, this Court entered an order transferring the petition, followed by an order overruling the petitioner's "Preliminary Objection and Petition for Specialize[d] Review" and confirming our decision to transfer. *See Brown v. Commonwealth* (Pa. Cmwlth., No. 26 M.D. 2022, filed Mar. 24, 2022) (per curiam order).

No. 2760 C.D. 2015, filed Nov. 29, 2016); *Barnett v. Ransom* (Pa. Cmwlth., No. 410 C.D. 2024, filed Mar. 11, 2025).[6]

*Barnett* is particularly instructive. In that matter, a prisoner at SCI Dallas filed a petition for writ of habeas corpus against the Superintendent alleging, in part, "that no legal sentencing order exists which would allow [the Superintendent] to maintain his custody." *Barnett*, slip op. at 2 n.2. Common Pleas transferred the petition from Luzerne County to Chester County, where the prisoner was sentenced. *Id.*, slip op. at 1-2. The prisoner appealed, and this Court quashed based on the comment to Rule 311(c), reasoning Common Pleas transferred the petition under Section 5103(a). *Id.*, slip op. at 3-4.

We likewise conclude in this matter that the order transferring the Petition to Philadelphia County is interlocutory and unappealable. It is not a final order because it does not dispose of all claims and all parties. In addition, it is not appealable as of right, based on the comment to Rule 311, because the transfer occurred under Section 5103(a).[7] Waumbeeka asserts the order is appealable based on Rule 311(c), but the comment to the rule, our Supreme Court's order in *Brown*, and this Court's decisions quashing appeals from similar transfer orders belie his argument. *See* Waumbeeka's Reply Br. at 8. Accordingly, we quash Waumbeeka's appeal.

---

[6] This Court may cite its unreported memorandum opinions filed after January 15, 2008, for their persuasive value. *See City of Phila. v. 1531 Napa, LLC*, 333 A.3d 39, 47 n.6 (Pa. Cmwlth. 2025).

[7] Common Pleas did not cite Section 5103 in its order or opinion but relied on Pennsylvania Rule of Criminal Procedure 108(A), Pa.R.Crim.P. 108(A). Under Rule 108(A), "[a] petition for writ of habeas corpus challenging the legality of the petitioner's detention or confinement in a criminal matter shall be filed with the clerk of courts of the judicial district in which the order directing the petitioner's detention or confinement was entered." Pa.R.Crim.P. 108(A). The comment to Rule 108(A) provides that "[a] petition misfiled in the wrong judicial district under this rule may be transferred to the proper judicial district pursuant to Section 5103." Pa.R.Crim.P. 108, Comment.

5

**CONCLUSION**

For the foregoing reasons, we quash Waumbeeka's appeal from the April 4, 2024 order transferring his Petition to Philadelphia County.

_____
STACY WALLACE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronald Waumbeeka,       :
            Appellant      :
                           :
        v.                   : No. 494 C.D. 2024
                           :
Superintendent Kevin Ransom     :

# **O R D E R**

    **AND NOW**, this 3rd day of September 2025, the appeal from the order of the Court of Common Pleas of Luzerne County, dated April 4, 2024, is **QUASHED**.

 

_____
STACY WALLACE, Judge